##### IN THE

## SUPREME COURT OF JUDICATURE

##### OF

## THE STATE OF NEW-YORK,

#### IN JANUARY TERM, IN THE THIRTY-EIGHTH YEAR OF OUR
#### INDEPENDENCE.

---

### JACKSON, *ex dem.* VAN RENSSELAER, *against* COLLINS.

THIS was an action of ejectment for a farm in *Hillsdale.* The cause was tried at the *Columbia* circuit, before Mr. Justice *Yates,* when a verdict was taken for the plaintiff, subject to the opinion of the court, on the following case:

The proprietor of the manor of *Rensselaer,* called *Claverack,* and legal owner of the premises, executed a *perpetual* lease of the farm, dated the 21st of *January,* 1774, to *Samuel W. Hallenback,* his heirs, executors, administrators, and assigns, forever; yielding and paying therefor unto the lessor 14 1-2 bushels of good winter wheat, to be delivered at *Claverack,* &c. on the 1st day of *May,* and every year thereafter, on the 1st of *May,* and reserving also one fourth of the moneys arising from the sale or assignment of the premises; and the lessee covenanted to pay the annual rent, &c. so reserved, &c.

The lease contained an express proviso and condition, that in case the rents, &c. should be in arrear and unpaid for 40 days after the time limited for the payment, the lessor, or his servants, or bailiffs, might enter on the premises and *distrain,* &c. and if no sufficient distress could be found on the premises, &c.; or in

*Where a lease contained a covenant, that in case the rent was in arrear for 40 days, the lessor might enter and distrain, and if no sufficient distress was found on the premises, that then the lessor might re-enter, &c. in an action of ejectment to recover the possession, it was held that, under the statute, (1 N. R. L. 434.) the lessor was bound to prove either a regular demand of the rent, or that no sufficient distress was to*

be found on the premises; but where the tenant, on the rent being demanded, declared that he did not hold under the lessor, but had a warranty deed, and had agreed to accept a lease for a part of the premises, from a stranger, this disclaimer was held to amount to a waiver of a formal demand of the rent.

case the lessee should not perform all and every of the cove-
nants and conditions contained in the lease, and on his part to
be performed, that then, or in either of the said cases, it should
be thenceforth lawful for the lessor, his heirs, &c. to *re-enter*
into the whole, or any part of the premises, and the same to
repossess and enjoy, as his or their former estate, &c. The de-
fendant derived a regular title under the lease, and the premises
had been held under it since 1774. In the year 1806, *Henry W.
Livingston* claimed title to a part of the premises in the posses-
sion of the defendant, being about 30 acres; and on the 21st of
*June*, 1806, the defendant took an agreement for a lease from
*Livingston*, for 99 years, for a parcel of land, including the 30
acres, and covenanted to pay the rent to *Livingston*, &c.

When the agent of the lessors applied to the defendant for the
payment of the rent due under the lease to *Hallenback*, he de-
clared that he would not pay any rent; that he did not hold
under any lease from *Van Rensselaer*, but that he claimed the
whole under a warranty deed, and that, as to a part of the farm,
*Livingston* was bound to defend him.

*E. Williams*, for the plaintiff. We contend that there has
been a complete forfeiture at law, on the part of the lessee, of
all his estate under the lease, so that the defendant cannot
set up any estate under it against the lessor's right of entry.
The defendant has taken a deed from a third person, and the
person under whom he claims not only has refused to pay rent,
but, in defiance of the rights of his landlord, has alienated in fee.
Any act of the lessee, by which he disaffirms or impugns the
title of his lessor, occasions a forfeiture of his lease,* and the
lessor may re-enter.

* *Bac. on
Leases*, 119.

By virtue of the clause in the lease, the lessor had a right to re-
enter for the non-payment of the rent. It will, perhaps, be said
that there ought to have been an actual and specific demand of
the rent, before this action could be brought. This point was
not raised at the trial, and so ought not to be urged here: but
waiving that objection, what is the reason of requiring a pre-
vious demand of the rent? It is, that it may appear that the
tenant is in default.† If he is not at the place where the rent is
payable, or absolutely refuses to pay, and denies the title and
authority of the landlord, no demand is necessary.

† *Bac. Abr.
Rent*, (I.) 1.

Again, where the estate is forfeited and gone, no re-entry

is necessary, and so no demand is requisite. Where there was a lease with a proviso that it should be void if the rent was not paid, it was decided that the lessee was bound to seek the lessor, and pay the rent.*

But further, we contend that under the statute,† where one half year's rent is in arrear, no formal demand or re-entry is necessary, but the landlord may serve a declaration in ejectment for the recovery of the demised premises. The preamble to the 23d section shows that the act was passed to prevent the inconvenience and expense of a re-entry at common law. It will be said, however, that the statute applies only to cases where the land is vacant, or no sufficient distress is to be found on the premises. But in *Roe* v. *Davis*‡ Lord *Ellenborough* was of opinion that the statute of 4 *Geo.* II. c. 28., from which our act was copied, is not confined to cases of ejectment brought for a half year's rent in arrear, where no sufficient distress is found on the premises; but that it was general in its operation.

*Van Buren*, contra. It would be oppressive and unjust, if the estate of the lessee should be forfeited for this pretended *attornment*. By the statute,§ attornments to strangers are declared void, but such attornments do not operate as a forfeiture.

But the principal question is, whether the lessor had a right to bring ejectment and recover for the non-payment of rent in this case, without showing a regular demand of rent, or that no sufficient distress was to be found on the premises. That it is a settled rule of the common law, that such previous demand of rent is requisite, cannot be denied.‖ The statute of 4 *Geo.* II. c. 28., or our act, made no alteration of the common law rule, unless in the case where no distress is found on the premises. The statute does not apply to cases where there is a sufficient distress on the premises. This has been repeatedly decided.¶ It is pretended that all the decisions on this point have been overruled by the case of *Roe* v. *Davis;* but that case does not apply here. It did not turn on the construction of the act, as to the necessity of proving that no sufficient distress was to be found on the premises. As, then, it was not made to appear that no sufficient distress was to be found on the premises, the lessor is bound to show that he has proceeded according to the common law, by which it is required that there should be a demand of the *precise* rent due, *precisely* on the day when it is

*Margin notes:*

ALBANY, Jan. 1814.

JACKSON v. COLLINS.

* *Noy,* 145.
† Sess. 11. c. 36. s 23. 1 *N. R. L.* 434.

‡ 7 *East,* 363.

§ Sess. 11. c. 26. s. 28.

‖ *Bac. Abr.* Lease, (I.) 2. *Co. Litt.* 201. b. 202. a. 211. a. 153. a. 4 *Co.* 73. *Cro. Eliz.* 415. *Vaugh.* 31, 82. *Hob.* 82. 133. 208. *Jones's Rep.* 32. ¶ 1 *Burr.* 619. *Doug.* 485. 7 *Term Rep.* 117. 3 *Johns. Cas.* 295. 1 *Saund.* 287. n. (16).

ALBANY,
Jan. 1814.

JACKSON
v.
COLLINS.

* 1 *Leon.* 305.
*Cro. Eliz.* 209.
4 *Co.* 73.   1
*Roll. Abr.* 458.
*Plowd.* 172. *b.*
4 *Leon.* 180.
*Noy,* 101.

made payable, at a convenient time before sunset, and at the most notorious place on the land.* None of these requisites have been observed in the present case.

*Williams,* in reply, observed that the cases cited applied only to the clauses of re-entry in ordinary leases. The present suit is on a lease or grant in fee, on a *condition;* and that condition being broken, there is an end of the estate. It is, therefore, distinguishable from the cases which have been mentioned.

KENT, Ch. J. delivered the opinion of the court. The defendant contends that as the suit is for a forfeiture of the lease, for the non-payment of rent, the lessor of the plaintiff was bound to have shown upon the trial, either that no sufficient distress was to be found upon the premises, to entitle him to recover under the act of the 21st of *February,* 1788, s. 23. (and which was copied from the statute of 4 *Geo.* II. c. 28.) or that they were bound to show a regular demand of the rent with all the nicety and precision required by the rules of the common law. (See these rules collected in 1 *Saund.* 287. n. 16.) In *Roe,* ex dem. *West,* v. *Davis,* (7 *East,* 363.) Lord *Ellenborough* held it not to be indispensable in an ejectment under the statute to prove that no sufficient distress was to be found. But this, though perhaps the most liberal, was not the hitherto received construction of the act; for in the cases of *Doe,* ex dem. *Hitchings,* v. *Lewis,* (1 *Burr.* 614.) *Goodright* v. *Castor,* (*Doug.* 485, 486.) and of *Doe,* ex dem. *Forster,* v. *Wandless,* (7 *Term Rep.* 117.) the court of K. B. consider it as a given point, that the plaintiff must prove either a demand or no sufficient distress; and in *Jackson* v. *Wilson,* in this court, (3 *Johns. Cases,* 295.) the same doctrine was recognised. Nor can we discern, on a careful examination of the statute, sufficient ground for adopting the new, and rejecting the long settled previous construction.

The counsel for the plaintiff contend, however, that admitting the general rule, a regular demand was not requisite in this case, as the defendant, on being applied to for the rent, not only refused to pay, but disclaimed holding under any lease from the *Van Rensselaer* family, and asserted that he held under a warranty deed; and it was further shown in confirmation of his disloyalty, that for the better part of the premises he had agreed,

by covenant, to accept a deed from a stranger. The defendant having thus disaffirmed and denied the title of the lessor, and the relationship of landlord and tenant, there is great weight in the objection that he ought not to be allowed to set up the want of a technical demand of the rent. The disclaimer proves that such an act had become unnecessary and useless. The demand was given for the benefit of the lessee, and was required for his protection under his lease, but, as was said by the court in *Dormer's Case*, (5 Co. 40. 46.) the act might be dispensed with *by his consent*, and the disclaimer is at least equal in effect to an express waiver on the part of the tenant of the requisite demand. If he denies the holding altogether, it would be vain and idle to require the landlord to go on and make a regular demand at the precise time, and of the precise sum due. The disclaimer by *parol* might not have been sufficient in this case to amount of itself to a forfeiture of the lease. That is not the point in the case. But it is sufficient to excuse the plaintiff from the necessity of a regular, formal demand of the rent, in like manner as the act or declaration of the opposite party will, in many cases, supersede the necessity of a formal tender, and in like manner as such a disclaimer will excuse the omission of a notice to quit. The plaintiff is accordingly entitled to recover to the whole extent of the lands contained in the lease.

Judgment for the plaintiff.

N. B. In the case of *Jackson*, ex dem. *Van Rensselaer*, v. *Defriest*, which was argued at the same term, the court also gave judgment for the plaintiff, as depending on the same principles as the above case.