[ JACKSON, ex dem. Van Schaick and others, *vs* VINCENT.

A *tenant for years* forfeits his term by a refusal *in pais* to pay rent, by deny-
ing the title of his landlord, and by accepting title from a hostile source.
The mere fact of a party conveying lands, bounding them on a line establish-
ed as a boundary between two adjoining patents, is not sufficint to war-
rant the *presumption of a release* of lands beyond such line, especially when
rebutted by evidence that the party sold lands beyond such line.

THIS was an action of ejectment, tried at the Saratoga cir-
cuit in May, 1828, before the Hon. NATHAN WILLIAMS, one
of the circuit judges.

Anthony Van Schaick, by his last will and testament bear-
ing date 17th August, 1781, devised all his real estate to his
wife Christina for life, with remainder to his daughter Anna,
the wife of John G. Van Schaick, in fee. On the 28th Feb-
ruary, 1784, Christina Van Schaick, John G. Van Schaick
and Anna his wife, demised lots Nos. 71 and 99 in the Half-
moon or Van Schaick's patent to the defendant for the term of
67 years, reserving an annual rent of £9. The defendant
entered into possession of the premises, and remained in pos-
session at the commencement of this suit in May, 1827.
Christina Van Schaick died about 17 years before the trial,
and Anna Van Schaick about 11 years before the trial, leav-
ing her husband John G. Van Schaick living. A few days
previous to the commencement of this suit, one of the heirs
of Anna Van Schaick demanded of the defendant payment of
the rent due upon the lease executed to him. The defend-
ant admitted that he held such lease, but *refused to pay any
rent, stating that he had warranty deeds from Mr. Ludlow and
others for the land.* This suit was then commenced for the
recovery of the demised premises. The lessors of the plain-
tiff were John G. Van Schaick and the children of his mar-
riage with Anna Van Schaick. On this evidence, the plain-
tiff rested.

On the part of the defendant, it was shewn that difficulties
having arisen as to the boundaries of the Halfmoon patent
and the patent of Kayaderosseras, which adjoined it, an agree-

NEW-YORK, ment was entered into by the proprietors of those patents on
May. 1830. 21st November, 1792, to apply to the legislature of the state
Jackson for the appointment of commissioners to determine the boun-
v. dary lines between those patents, which agreement was
Vincent. signed, amongst others, by Christina Van Schaick, and the
petition was presented. On the 31st January, 1793, a sim-
ilar agreement was entered into between the proprietors of
the patents of Halfmoon, Kayaderosseras and Shannondhoi or
Clifton Park ; this, however, was not signed by Christina
Van Schaick, nor by any other under whom the lessors of
the plaintiff claimed, On 11th March, 1793, an act was
passed by the legislature appointing commissioners in pursu-
ance of the prayer of the petitioners. On the 25th Februa-
ry, 1794, a majority of the commissioners made and filed
their determination in the premises, establishing the bounda-
ry lines as designated on a map of the Kayaderosseras patent
subscribed by three commissioners of the names of Yates,
Glen and Palmer, and by a surveyor of the name of Webb.
The defendant then proved that the premises in question laid
*within* the Kayaderosseras patent according to the lines thus
established, and produced in evidence four deeds of distinct
portions' of the premises in question from sundry persons
claiming under the Kayaderosseras patent to him (the de-
fendant,) conveying the premises *in fee,* with covenants of
warranty. Those deeds bore date in 1798, 1800, 1802 and
1811. The defendant also proved that on the 15th January,
1814, several of the lessors of the plaintiff, (John G. Van
Schaick, however, not being one of them,) joined in a con-
veyance of a part of a lot in the Halfmoon patent, which ex-
tended across and beyond the established line of the Kayade-
rosseras patent, and bounded the same on such line, and that
on the 11th January, 1817, the same parties joined in anoth-
er conveyance of another lot, bounding it in like manner.

On the part of the plaintiff, an act of the legislature passed
7th April, 1795, was read in evidence, declaring that the ti-
tle of no person whomsoever claiming lands in either of the
above patents, and who *did not unite* in the application to the
legislature for the passage of the act of the 11th March,
1793, should be bound or any ways affected by the deter-

mination of the commissioners made in pursuance of such act. A witness for the plaintiff also proved that he held land on the Kayaderosseras side of the line established by the commissioners, under purchase from the lessors of the plaintiff; and it was shewn that for the last forty years John G. Van Schaick was incapable of transacting business in consequence of mental derangement.

The judge charged the jury that the lease produced was *prima facie* evidence of title in the lessors, and that the defendant having accepted a lease was not permitted by law to deny the title of his landlords; that from the evidence adduced, it was their province to say whether or not the lessors had *released* their title to the premises in question. He recapitulated the testimony, and expressed his opinion that the evidence was too slight to warrant the presumption of a release, but submitted the question to their consideration. The defendant excepted to the charge of the judge, and the jury found a verdict for the plaintiff; which was now moved to be set aside.

*J. L. Viele*, for the defendant, insisted that the plaintiff was not entitled to recover without shewing a forfeiture of the lease, or a non-payment of rent upon a regular demand, or want of distress; that the evidence justified the conclusion that the lessors had assented to the defendant's attornment and purchase under the Kayaderosseras patent, and if so, they were as much concluded as if a release had been executed by them; and that from the lapse of *forty years*, without shewing a demand of rent by the lessors or a recognition of the lease as a subsisting instrument by the tenant, the jury were warranted in presuming a release; and that the judge erred in the opinion expressed by him that the evidence was too slight to warrant such presumption. The counsel cited Woodfall, 202, 203, 327, 328, 332; Jacob's Law Dict. tit. Disclaimer; 1 Cruise, 95, tit. Estate for Life; 2 Bacon's Abr. 570; Co. Litt. 251 b., 252 a.; 3 Johns. R. 283.) The case in 11 Johns. R. 1, which he said would be relied on for the plaintiff, he insisted stood alone, and was unsupported by authority.

NEW-YORK,
May, 1830.

Jackson
v.
Vincent

*S. G. Huntington & A. Van Vechten,* for plaintiff. A *parol* disclaimer avoids a lease for *years.* (1 Cruise's Dig. 93, § 99. 4 id. 368, § 2. 2 Black. Comm. 275, 6. Adams on Ejectment, 118, 19.) And such disclaimer relieves the landlord from making a formal demand of rent. (11 Johns. R. 1.) There was no evidence of a recognition of the line as established by the commissioners by those under whom the lessors claimed; for although Christina Van Schaick was a party to the petition to the legislature, they were not concluded by her act, their title not being derived from her, she having only a life estate. Nor were the acts of the lessors in the execution of the conveyances, shewn by the defendant evidence of such recognition. Whatever presumption arose from such conveyances was rebutted by the fact that lands were holden under them within the lines established by the commissioners. The mere lapse of time is not sufficient to warrant the presumption of a release; a release cannot be presumed where the party who asks for the presumption never pretended its existence. A jury must draw presumptions according to law and the rules of evidence, under the direction of the court. (3 Burr. 1071. Woodfall, 487. Runnington on Eject. 276.)

*By the Court,* SAVAGE, Ch. J. The first proposition advanced by the judge does not appear to be disputed, that the lease was prima facie evidence of title in the lessors. But it is contended by the defendant's counsel, that the remedy of the landlord must be upon the lease, either for a forfeiture or for non-payment of rent, when the precise sum must be demanded, if he proceeds at common law, or want of sufficient distress under the statute must be shewn; and it is argued that the parol disclaimer shewn in this case is not enough to work a forfeiture. It has been often decided by this court that a *fee* cannot be divested by parol where title is shewn in a party in a cause; his declarations cannot in general be given in evidence to shew a title out of him, but parol declarations are received to prove or disprove the fact of tenancy, to establish boundaries, &c. " It is said that a disclaimer of a freehold estate must be in a court of record, because a

freehold shall not be divested by mere words *in pais*. But in the case of *terms for years*, which are not chattels real, an assignee of them may refuse *in pais*, and by such refusal the interest will be divested." (Cruise, tit. 32, ch. 26, § 2.) We have held, however, that a disclaimer of a freehold estate need not be in a court of record, but may be by *deed in pais*. (6 Cowen, 620, 1.) "If he (the tenant) affirms the reversion, to be in a stranger by accepting his fine, attorning as his tenant, collusive pleading, and the like ; such behaviour amounts to a forfeiture of his particular estate.) Coke Litt. 253.)

In the case of *Jackson* v. *Collins*, (11 Johns. R. 1,) it was held that a parol disclaimer, with a declaration that the tenant had accepted a deed with warranty from a stranger, amounts to a waiver of a formal demand of rent. In that case, when rent was demanded, the defendant answered that he did not hold under a lease from Van Rensselaer, but that he claimed the whole under a warranty deed, and that the grantor therein was bound to defend him. In this case the defendant refused to pay rent, saying he had warranty deeds from Ludlow and others. Kent, chief justice, says, " The disclaimer by parol might not have been sufficient in this case to amount, of itself, to a forfeiture of the lease. That is not the point in the case. But it is sufficient to excuse the plaintiff from the necessity of a regular formal demand of the rent, in like manner as the act or declaration of the opposite party will in many cases supersede the necessity of a formal tender ; and, in like manner as such a disclaimer, will excuse the omission of a notice to quit." It is said that this case stands alone, and is unsupported by any other authority. If it does so, it stands upon the basis of reason and common sense. Why should the landlord be put ·to the trouble of making a demand on the premises of the precise sum, at a particular hour, when his tenant had put him at defiance by telling him that he had a better title, that he held in fee from another source of title, and would pay no rent ? But the quotation from *Cruise* shews that a *tenant for years* may forfeit his term by a refusal *in pais*. In this case, there

is not only a refusal to pay, but the defendant accepted deeds under a hostile title.

Do the circumstances in this case warrant the presumption of a release by the landlord ? In *Eldridge* v. *Knott*, (Cowp. 214, 216,) it was held that mere length of time, short of the period fixed by statute, without other circumstances, is not sufficient to authorize the presumption of a release of a rent. In *Jackson* v. *Davis*, (5 Cowen, 130, 131,) this point is discussed by Mr. Justice Sutherland, and it is clearly shewn that though payment of the rent may be presumed, yet an extinguishment of the right to the rent is not to be thus presumed. The only circumstance in this case from which to presume an abandonment of their claim, consists in the fact that the lessors sold lands bounded upon the commissioners' line, and within the Halfmoon patent. That circumstance is rebutted by the fact that in other instances they have sold lands which, according to that line, are within the Kayaderosseras patent. This circumstance, therefore, proves nothing.

There is no evidence of any assent by the lessors to the defendant's purchase under the Kayaderosseras title. In *Jackson* v. *Welden*, (3 Johns. R. 283,) it appeared that the lessor had said that he had given up all claim to the land, and told the defendant that a title under the Kayaderosseras patent would be valid. The court held that the lessor must be deemed to have assented to the defendant's attornment. Not so in this case ; there is no evidence shewing any knowledge in the lessors of the defendant's purchase until the rent was demanded, in May, 1827.

That the award of the commissioners did not affect the title of those who had not assented to the proceeding and subscribed the agreement or the petition, is a point decided by the legislature by the act of 1795, and by this court in *Jackson* v. *Davis*, (5 Cowen, 135, 6.) I shall not repeat here what is there said upon that point, particularly as it was not relied on in the argument. But if it were conceded that Christina Van Schaick was bound by her signature to the petition of 1792, that could not affect the present lessors. She had an estate for life only; and if she had been barred

during her life from asserting a right to the premises or the rent, those who own the inheritance are not to be prejudiced by any acts of that kind of a tenant for life.

I am of opinion that the motion for a new trial should be denied.