Denio, J.
The action was brought on the express contract of the defendant, by which he undertook, in consideration of the assignment to him, to execute to E. Gr. Roberts & Co., for the benefit of the plaintiffs, a chattel mortgage for $10,000, and an assignment of a policy of insurance upon the property mortgaged. The defendant’s obligation, and his duty to the plaintiffs to perform these acts, is established by the written instrument which he is shown to have executed; and as he confessedly had not performed the agreement, the plaintiffs were entitled to a verdict, unless one or both of the positions of the defendant’s counsel, by which the nonsuit is attempted to be sustained, can be upheld. It is argued, in the first place, that there was no sufficient request by the plaintiffs, or refusal by the defendant, to execute and deliver the security to Roberts & Co. The plaintiffs gave no evidence upon this point, but relied upon the admissions in his answer. The second defence, which is the only part of the answer it that it will be necessary to consider, does not, it is true, in terms admit a request on the part of the plaintiffs to the defendant to perform his agreement, but it states facts which dispense with the necessity of a request; for it avers that the defend *267 ant himself gave notice to the plaintiffs and to Roberts & Co. that he was ready to perform, and that, pursuant to such notice, the parties met at the defendant’s office in the city of New York, and that the defendant there refused to deliver the security which he had prepared in pursuance of the contract, except on condition that $10,000 should then be actually paid by Roberts & Co. to the plaintiffs, and on condition, moreover, that Roberts & Co. should confirm by words the agreement by which they were already bound in writing to make further advances upon oil to be delivered to them under the contract. It should be borne in mind, that the plaintiffs had, in the complaint, formally averred a demand and refusal, and that this is not denied in the answer, except by asserting, in substance, that it took place under the circumstances which have been mentioned. It is plain, then, that a formal demand was dispensed with, unless it could be maintained that the conditions which the defendant annexed to his offer to deliver the papers were such as he had a right to insist upon. The statements of the answer bring the parties together upon the subject of the performance of the defendant’s agreement; and at that interview, the defendant took the ground that he would not perform except upon the conditions which he exacted. After this, it would have been an idle ceremony for the plaintiffs to make a formal demand of the defendant to perform his agreement without a compliance with his requirements. (Jackson v. Collins, 11 John., 1.)
So far as the defendant’s offer to perform was made conditional upon the money being paid by Roberts & Co. to the plaintiffs, it was decided, when the case was here upon'demurrer, that the defendant had not a right to exact that condition. The plaintiffs had demurred to a part of the answer, in which the defendant had averred an offer to execute and deliver an assignment of the policies, and a bill of sale of the machinery, if Roberts & Co. would pay the $10,000, and that he neglected to deliver the securities because that payment was not made. The manner in which the Supreme Court had disposed of the matter was considered here as amounting to a judgment against *268 the plaintiffs on the demurrer, with leave to them to amend. The case, therefore, presented the precise question which now again arises, namely, whether the defendant could insist upon the actual payment of the money by Roberts & Co. to the plaintiffs, though the latter thought proper to waive such payment. It was then considered by us, that as the defendant had no interest in the $10,000 agreed to be paid by Roberts & Co., and no duty respecting it, except to secure its repayment to them in the manner pointed out by the agreement, the plaintiffs were at liberty to make such arrangement as they thought proper with Roberts & Co., and that the defendant was bound to deliver the securities upon the plaintiffs’ request, without being at liberty to inquire into the character of the new arrangement between the plaintiff and Roberts & Co. It was held that the obligation which the defendant assumed, to secure the payment of that amount of money to Roberts & Co., for the plaintiffs’ benefit, was the consideration agreed upon for the assignment by the plaintiffs to him of the interest which the former had acquired by their contract with the London house of the 80th May. Such - seems to us now to be the plain effect of the agreement between the plaintiffs and the defendant; and we do not think it necessary to add anything to the reasons then given by the present Chief Judge.[1]
*269 It follows from this, that the averment inserted in that part of the answer called the second defence, to the effect that the plaintiffs and Roberts & Go. had agreed that the $10,000 should not be paid by the latter, and that a check was produced by Robbins to give color to the assertion made to the defendant that it had been paid, are quite immaterial to the merits of the case; and the same is true of the allegation that Roberts & Co. had determined not to make farther advances on oils, as they had agreed. The plaintiffs could not be affected by this contemplated breach of contract. The defendant had acquired the legal means of coercing the London firm to perform what they had undertaken to do, or of recovering damages for the non-performance. But there was no attempt on the trial to *270 prove the truth of these allegations of the answer, if they were of a character to have a bearing upon the case.
The Supreme Court placed their judgment upon the position that no damages legally resulted from the defendant’s breach of contract. This we think was erroneous. Prima fade, as the case stood, the plaintiffs were deprived of the $10,000 which Roberts & Co. were to pay them, by the defendant’s neglect to perform the condition upon which such payment was to be made. It may be that if the defendant had performed, the plaintiffs would not have obtained the money of Roberts & Co.; but as there was no question as to the solvency of that house, the legal presumption is that they would have realized it. If they had failed to make the payment, the plaintiffs wordd have been entitled in equity to be subrogated to the securities which the defendant was to give. If it had been agreed, as is suggested in the answer, that the plaintiffs were, by an arrangement with Roberts & Co., to have the securities, and enforce them for their own benefit, I do not perceive that the defendant would have cause for complaint. The plaintiffs, in that event, would be obliged to perform the stipulations of Roberts & Co., so far as they were connected with the subject, and were made conditions to the payment Of the $10,000. , But the performance of these stipulations was not in the nature of conditions precedent to the defendant’s undertaking to give the securities, for the plain reason that* from the nature of the case they were to be performed subsequently. We think, therefore, that the judgment Of nonsuit was erroneous. It must be reversed, and a new trial awarded.
All the judges concurring,
Judgment reversed, and new trial ordered.

 “Looking at the agreements stated in the complaint, it is obvious that the defendant undertook to allow the plaintiffs to receive to their own use the $10,000 which were to be advanced by Roberts & Oo. That was, in substance, the consideration which he was willing to pay, in order to step into the place of the plaintiffs, in the manufacture, under Robbins' secret process, of oils and varnish, aided by the arrangement with Roberts & Co. for disposing of the manufactured products, and for making other advances. If he had agreed, himself, to pay the $10,000 out of his own pócket, the agreement would have-been entirely obligatory upon him in the absence of fraud. By the agreement, as stated in the complaint, and which had the consent and approbation of Roberts & Co. and Robbins, the only other parties wfio were interested, the $10,000 was not to be paid to the defendant, or to him and Robbins, but directly to the plaintiffs by Roberts & Co., and the money was to be received by the plaintiffs for their own use and benefit, and without any accounting to the defendant. The defendant had, therefore, no legal interest in the $10,000. It belonged to the plaintiffs. They *269 alone had a right to receive and dispose of it, and as the defendant had not undertaken that Roberts & Co. should advance it, and as it was, in no event, to pass through his hands, he neither owed any duty to the plaintiffs to see that it was advanced, nor had he any legal interest in its being paid.
“ When, therefore, he was requested by the plaintiffs to execute and deliver the bill of sale, as security for the $10,000, to Roberts & Co., he could not justify the refusal upon the ground that he was under any duty to the plaintiffs to see first that the money was advanced. He was under no such obligation. They having the whole right to the money, and the consequent power to make such arrangements with Roberts & Co. as they saw fit, in respect to its payment, by requesting him, unconditionally, to execute and deliver the bill of sale, have assumed a position in which it „ must be taken to be true that they have either received, or satisfactorily to themselves arranged their claim for the $10,000 against Roberts & Co. In either case, the defendant has neither interest nor duty in regard to the question, whether it has been paid, or how it either has been or is to be paid. The complaint does, therefore, show a sufficient 'cause of action in substance against the defendant.
“Very nearly the same question is presented by that part of the answer demurred to, including, in the part demurred to, that part of the answer which, it appears, by the judgment at special term, was conceded on both sides to be covered by the demurrer. The defendant there sets up, in bar of the action, that Roberts & Co. did not pay the $10,000 to the plaintiffs. We have already seen that the defendant has no duty to the plaintiffs, nor right of his own to exact that payment; and as the plaintiffs, whose rights in this particular were alone involved, had requested him—no condition accompanying the request—to execute and deliver the instrument in question, he cannot set up the nonpayment as a bar." Per Johnson, J.