De Lancey *v.* Ga Nun.

*See/add. rel. 429*

## DE LANCEY *vs.* GA NUN.

A parol disclaimer of the landlord's title, by the tenant, does not work a forfeiture of a written lease for a term of years.

But it is sufficient to excuse the landlord from the necessity of regular formal demand of the rent.

In all the cases of recovery in ejectment by the landlord against his tenant, the recovery is had upon the ground of a *condition broken*, and not by reason of the *disclaimer;* which affects not the rights of the parties, but only the rules of evidence.

A lease which provides that if the rent be not paid at the time appointed, it is " *to be recovered in an action of debt,*" precludes the idea of a forfeiture of the lease by reason of the non-payment of rent.

The remedy by ejectment to enforce the payment of a rent reserved, is never allowed, except where a right of re-entry is expressly stipulated for between the parties to the grant.

It is not allowed where the lease does not exact a forfeiture, for the non-payment of rent; nor because of the parol declarations of the tenant in regard to the title.

THIS was an action of ejectment brought against the defendant to recover possession of certain lands and premises, in the town of North Salem, in Westchester county. The suit was

De Lancey *v.* Ga Nun.

commenced on the 10th day of February, 1848. The declaration alledged that the plaintiff, on the first day of January, 1848, was seised of about one hundred and thirty-five acres of land situated in the said town and county, which she claimed in fee, and of which the defendant withheld the possession. The defendant pleaded the general issue; and the cause was brought to trial at the Westchester circuit, in June, 1851, before BARCULO, J. On the trial, the plaintiff proved that the defendant held under a lease, made in the year 1775, for a term of ninety-nine years. There was no clause of re-entry for non-payment of rent, nor any express conditions, nor any provisions for any forfeiture, contained in the lease. It appeared that the defendant entered as tenant of the plaintiff, paid her the rent reserved in the lease, for several years; and then disavowed his tenancy, refused to pay rent, denied the plaintiff's title, and claimed title in himself. These declarations of the defendant were by parol, and the plaintiff claimed to recover on the ground that the defendant had denied the landlord's title. But the justice nonsuited the plaintiff, on the ground that the evidence did not show a forfeiture of the lease; and that there was no principle of law by which the oral declarations of the tenant, as to the landlord's title, should be construed into a forfeiture of the written lease. The counsel for the plaintiff excepted to the decision of the justice at the circuit, in granting the nonsuit, and the case was brought on to argument, at the general term, on the bill of exceptions.

*William I. Street*, for the plaintiff.

*Charles Ga Nun*, for the defendant.

*By the Court*, BARCULO, J. At the circuit, where we must rely upon principles rather than upon cases, the plaintiff was nonsuited, on the ground that the evidence did not show a forfeiture of the lease.

It appeared that the lease under which the defendant held, was made in 1775, for a term of ninety-nine years. The lease did not contain any express conditions, nor provide for any forfeiture.

The ground upon which the plaintiff claimed to recover, was, that the defendant had *denied the landlord's title*. I was unable to discover any principle by which the *oral declarations* of the tenant as to the landlord's title, should be construed into a forfeiture of the written lease.

Upon looking through the authorities we are satisfied that the decision at the circuit was correct, although it must be admitted that some of the cases are a little ambiguous on the subject. The case which seems to be chiefly relied on by the plaintiff, and by which she has probably been misled, is that of *Jackson ex dem. Van Schaick* v. *Vincent*, (4 *Wend.* 633.) There the court is said to have held that "*a tenant for years* forfeits his term by a refusal *in pais* to pay rent, by denying the title of his landlord, and by accepting title from a hostile source." But it is apparent, from the reasoning in that case, that the lease contained a clause of *forfeiture for non-payment of rent*, although the terms of the instrument are not set forth by the reporter; and the only real question at issue there, was whether a parol disclaimer *waived* the necessity of a *technical demand* of the rent. For Chief Justice SAVAGE, in delivering the opinion of the court relies mainly upon the case of *Jackson ex dem. Van Rensselaer* v. *Collins*, (11 *John.* 1,) which had been denied to be law by the defendant's counsel, who insisted that there must be a regular demand. Now, on looking into *Jackson ex dem. Van Rensselaer* v. *Collins*, we find that it was a case where the *lease provided for a forfeiture* on the rent remaining unpaid forty days after it became due; and the sole argument urged by Mr. Van Buren for the defendant, was, that the plaintiff could not recover in ejectment, because he had not shown, " that he had proceeded according to the common law, by which it is required that there should be a demand of the *precise* rent due, *precisely* on the day when it is made payable, at a convenient time before sunset, and at the most notorious place on the land." And the court expressly decided that the objection thus made was overcome by proof that the defendant disclaimed holding under the lease, and asserted that he held under a warranty deed, and had agreed to accept a lease for a

part of the premises, from a stranger.   This was considered to be a waiver " of a regular demand of the rent with all the nicety, and precision required by the rules of the common law."   But the court did not intend to decide that the *disclaimer* itself, was a forfeiture.   For Chief Justice Kent says, " the disclaimer by *parol* might not have been sufficient in this case to amount of itself to a forfeiture of the lease.   That is not the point in the case.   But it is sufficient to excuse the plaintiff from the necessity of a regular formal demand of the rent."

These two decisions, thus explained, are of the same import, and establish a rule of which we fully approve, and the principle of which we frequently apply at the circuit, by holding that a disclaimer dispenses with proof of a notice to quit.   For it is manifestly inconsistent to permit a tenant to say that he is not a tenant, and, at the same time, require proof of notice or demand, which a tenant only is entitled to.   But it. is to be carefully observed that, in these cases, and in all the cases on this subject, the recovery is had upon the ground of a *condition broken*, and not by reason of the *disclaimer ;* which affects, not the rights of the parties, but only the rule of evidence.   Proving a disclaimer dispenses with proof of a demand, upon the same principle that a refusal to receive money supersedes the necessity of a formal tender ; or that proof of some other fact is deemed tantamount to evidence of notice of non-payment, to charge an indorser ; and the numerous cases, familiar to every lawyer, where proof of one fact dispenses with another.

It is not to be denied that some of the remarks of Judge Savage in *Jackson ex dem. Van Schaick et al.* v. *Vincent*, give countenance to the idea that a parol denial of the landlord's title may work a forfeiture of a term for years.   He quotes *Cruise* as an authority for such a doctrine, and seems to give it his sanction, although the case, as before shown, did not require it : for, if the forfeiture was worked by the disclaimer, why lay so much stress upon the non-payment of rent, which could not strengthen the other ?

But Cruise does not lay down any such doctrine.   Nor have we been able to find the language which purports to be quoted

from him by the learned judge.(*a*)   Under the head of " Estate for years," "how forfeited," of Mr. Greenleaf's edition, (1 *Vol.* 262, § 47,) we find it stated, " that if a tenant for years attempts to create a *greater interest* than he lawfully can, *whereby the estate in remainder or reversion is divested*, it will operate as a *forfeiture* of his estate.   And Lord Coke says, if tenant for life or years, the remainder or reversion in the king, make a feoffment in fee, this is a forfeiture."   Not a word is said about a forfeiture by *disclaimer* except that " every act by *matter of record* which operates as a forfeiture of an estate for *life*, will also operate as a forfeiture of an estate for years."   The learned annotator, however, in a note, cites the case of *Jackson* v. *Vincent* only, as an authority on this point.   Now it is conceded on all hands, even by Judge Savage, that a parol disclaimer does not work a forfeiture of an estate *for life*, and *Cruise* puts estates for life upon the same footing in that respect, with estates for years.

Again, under title 3, " *Estate for life*," ch. 1, § 38, it is stated that tenant for life may also forfeit his estate by *disclaiming* to hold of his lord, or by affirming, or impliedly admitting, the reversion to be in a stranger, upon the feudal principle that if the vassal denied the tenure he forfeited the feud."   " But," he adds, " as by the feudal law the vassal was to be convicted of this denial, so in the English law those acts which plainly amount to a denial must be done *in a court of record*, to make them a forfeiture, because such act of denial appearing on record, is equivalent to a conviction upon solemn trial."   Blackstone, also, lays down a similar rule—that the disclaimer must be in a court of record.   (2 *Bl. Com.* 275, 276.)   It is obvious that none of these authorities has any tendency to establish a forfeiture in a case like the present by a parol disclaimer *in pais*.   Nor have we been able to discover any thing in the English books, which goes to the extent claimed for the case of *Jackson* v. *Vincent*. If there is any such *dictum* in the old authors, it is undoubtedly

(*a*) The language quoted by Chief Justice Savage, will be found in the 2d *American* edition, by *E. D. Ingraham*, from the 2d *London* edition of Cruise's Digest, published in New-York, 1823, *Vol.* 4, *p.* 336, [\*494] *tit.* 32, *ch.* 26, § 2.

De Lancey *v.* Ga Nun.

founded, as Blackstone says, "upon reasons most apparently feodal," and ought not to govern us at the present day. Chancellor Kent enumerates the causes of forfeiture as follows : " If he acknowledges or affirms, by *matter of record*, the fee to be in a stranger, or claims a greater estate than he is entitled to, or aliens the estate in fee by feoffment, with livery, which operates upon the possession, and effects a disseisin, or if he breaks any of the conditions annexed to the lease, he forfeits the same." (4 *Kent's Com.* 106.)

It is hardly necessary to cite authorities to show that the whole current of our decisions bears against giving such a construction as works a forfeiture. The legislature has already greatly diminished them, by its provisions in relation to conveyances by tenants of greater estates than they could lawfully convey ; and courts have followed in the same spirit, by construing a clause in deeds to be a covenant, rather than a condition, whenever it was at all doubtful. (4 *Kent's Com.* 132.) The argument of the plaintiff's counsel seems to proceed upon the supposition that the lease provides for a forfeiture by reason of non-payment of rent. But the contrary is apparent as well from the terms of the lease as the decisions. The lease itself, instead of stipulating for a forfeiture, precludes the idea, by providing that, if the rent be not paid at the day appointed, it is " to be recovered in an action of debt." And in *Jackson ex dem. Hardenburgh* v. *McClallen*, (8 *Cowen*, 295,) the court held that a lease of land " paying rent" is no condition ; and in *Van Rensselaer* v. *Jewett*, (2 *Comst.* 148, 149,) Judge Jewett says, "it should be remembered that the remedy by ejectment, to enforce the payment of rent reserved, is never allowed only where a right of entry is expressly stipulated for between the parties to the grant."

Our conclusion is that this action can not be maintained, 1. Because the lease does not exact a forfeiture for non-payment of rent. 2. Because the parol declarations of the defendant in regard to the title, can not affect the validity of the deed.

The judgment below is affirmed.

[KINGS GENERAL TERM, October 6, 1851. *Morse, Barculo* and *Brown*, Justices.]