ROWENA  LONGFELLOW  and  others  *vs.*  GEORGE  H.  LONGFELLOW.

*Tenant  estopped  to  deny  landlord's  title.*

A tenant who has not surrendered the demised premises, nor been evicted by paramount title, is estopped to deny his landlord's title; nor does the giving of thirty days' notice to terminate the tenancy, stating that he shall surrender the premises on the day specified for the termination of his tenancy, and thereafterwards claim to hold them in fee by a paramount and independent title, authorize him to set up such title without having made any actual surrender of the premises, but remaining in continuous occupation thereof.

ON REPORT.

The facts necessary to an understanding of the issue determined by the court are sufficiently stated in the opinion.

If upon the facts the tenant is estopped to deny the demandant's title, or to set up title in himself, or if his notice to them and the subsequent acts of the parties did not terminate the tenancy, then a default is to be entered ; otherwise, the action is to stand for trial. If the tenant is defaulted the question of the recovery of rents and profits and their amount is to be determined by a judge at *nisi prius.*

*Walker & Lynch* and *L. G. Downs,* for the demandants.

*Bradbury & Bradbury* and *J. Lippincott,* for the tenant.

APPLETON, C. J.  On the first day of April, 1846, the demandants leased the land in controversy to the tenant for a term of ten years.  That term expired.  The tenant remained in the occupancy of the premises as tenant at will and was held liable for the rent of the same in *Longfellow* v. *Longfellow,* 54 Maine, 240.

Upon the ninth day of May, 1864, the tenant gave the demandants notice that at the expiration of thirty days from date he would surrender the possession of the premises to the demandants, and that he claimed title to the same.

On the day designated for the surrender, the agent of the demandants met the tenant within twenty rods of the premises in dispute and, as he says, offered to accept a surrender of the same. The tenant's version of what took place is somewhat different. He says the demand was for rent which he refused to pay, but that he told the agent he might take the property.

It appears that the goods of the tenant or of his son were in the store on the premises; that the store was locked; that no possession was taken, though the agent came for that purpose; that no surrender was made, and that the tenant has occupied or rented the premises ever since, claiming title thereto.

The tenant has expressly denied the title of his landlord, and given full notice of his adverse claim. The demandants' agent when he comes to take possession, finds the store locked. The owner of the fee may elect to regard himself disseized, in some cases, for the sake of the remedy. *Stearns* v. *Godfrey*, 16 Maine, 158; *Jackson* v. *Vincent*, 4 Wend. 633.

The demandants have brought their writ of entry. The tenant has pleaded *nul disseisin*. By the plea the tenant admits he is in possession, claiming a freehold and is thereby estopped from proving that he is tenant at will of the demandants. *Melcher* v. *Flanders*, 40 N. H. 139; *Williams* v. *Noiseux*, 43 N. H. 388.

The tenant, not having surrendered the premises and not having been evicted by paramount title, is estopped to deny the title of his landlords. *Longfellow* v. *Longfellow*, 54 Maine, 240; *Towne* v. *Butterfield*, 97 Mass. 105.

*Tenant defaulted. The rents and profits to be assessed by the judge at nisi prius.*

Cutting, Kent, Walton, and Barrows, JJ., concurred.