McFARLANE v. RAY.

## Daniel McFarlane v. Frederick Ray and another.

*Trespass upon lands; pleading and evidence.* Where an action is brought for trespass upon lands in a certain township, if the plaintiff declares generally without giving a particular description of the lands, and the defendant pleads title in himself, he will make out a defense by proof of ownership in himself of any parcel of land in the township mentioned in the declaration.

Under the common law pleadings, if the defendant pleaded *liberum tenementum,* the plaintiff could, by a *new assignment,* describe his land by metes and bounds, and this amounted in effect to a new declaration. Under our practice which admits of no pleading subsequent to the defendant's plea and notice, the plaintiff can give no evidence which, at common law, required a new assignment to support it.

*Ownership of land, what prima facie evidence of.* Proof of possession of land, together with a claim of title under a deed purporting to convey it, is *prima facie* evidence of title as against one who shows no right in himself.

*Heard October 5th. Decided October 9th.*

Error to Macomb Circuit.

The facts are stated in the opinion.

*Levi Bishop,* for plaintiff in error.

1. It is a familiar rule that a party attempting to prove a title to land, must show that it is derived from the sovereign power existing in the country at the time the chain of title originates, or from a source of title common to both parties to the suit.

The general rule in this country is, that all titles to land are derived from the crown or colonial governments before the revolution, or from the States where the title has been vested in the States, or from the United States; all titles having been originally derived from the Indians.—3 *Kent's Com.* 501, 2.

Courts can take notice of no titles to land, which are not thus derived.—3 *Kent,* 502, 3; 4 *Johns.* 163.

2. The action is for trespass *quare clausum fregit.* In such a case the plaintiff may in his declaration charge the offense to have been committed on his close in the parish, or town, &c., without stating the *locus in quo* by metes and bounds.

To such a declaration the defendant, if he owned any close in the same parish or town, might, under the former system of special pleading, set up his title by a plea of *liberum tenementum*. Then the plaintiff in his replication would new assign, specifying the real *locus in quo* by metes and bounds. In this mode the parties reduced to a certainty the description of the real *locus in quo*, which was in controversy.—2 *Saund. Pl. and Ev.* 635, 6; *Stephen's Pl.* 315, 16, 220–26; 2 *Selw. Nisi Prius*, 1353, 1355–6; 1 *Chitty's Pl.* 503, 624–5, 528–30.

Under the system of special pleading, if the defendant took issue by a plea of not guilty, upon such a general declaration the plaintiff was entitled to a verdict, if he proved a trespass by the defendant upon any piece of land which he could prove to be his in the alleged parish or town.—1 *Chitty's Pl.* 625, 629; 2 *Saund. Pl. and Ev.* 635–6, 856, 865.

The only plea in the case is the general issue, which is simply a denial that a trespass was committed on the close of the plaintiff. If the plaintiff proved that a trespass was committed on his property, he was entitled to a verdict.

The defendants did not plead *liberum tenementum*, as they could not under the statute. They gave a notice that they would on the trial prove that the *locus in quo* belonged to them. This was simply saying that the attempt would be made to show that the place, where the wrong was really committed, belonged to the defendants; that defense could have been shown under the general issue as well as under a notice. In either case the parties were both held to proofs as to the real *locus in quo* in question. The plaintiff accordingly proved his title, and proved the injury by the defendants, while the defendants offered no proofs touching the real question in issue.—2 *Greenl. Ev.* § 625; 1 *Chitty's Pl.* 505.

It is only in cases where the plaintiff's declaration is general as to the *locus in quo*, and the defendant pleads *liberum tenementum* in like general terms, and the plaintiff takes issue on such a plea without a new assignment pointing out the real *locus in quo* by metes and bounds, that a defendant is entitled

to a verdict upon proof of title in him to any close in the alleged parish or township.—*Stephen's Pl.* 220–4; 1 *Chitty's Pl.* 503, 629; 2 *Saund. Pl. and Ev.* 636; 10 *East*, 80; 11 *Id.* 51.

In that case the issue is formed on the plea and claim of title of the defendant, which the defendant sustains, under the old system of pleading, by proof of title in him to any close in the parish. In the other case, which is the case at bar, the issue is formed on the plaintiff's declaration and claim of title, and this the plaintiff sustains by proof of title in him to any close in the parish.

The plaintiff, under the present system of pleading, is entitled to meet by proofs at the trial any defense which might have been pleaded under the system of special pleading; and which must consequently now be brought forward by the defendant under a notice.—6 *Mich.* 514–15; 8 *Id.* 349, 351.

*R. P. & J. B. Eldridge,* and *Wm. P. Wells,* for defendants in error.

1. This action is trespass "*quare clausum fregit*," and is local. The gist of the action is the breaking and entering the close. The cutting and carrying off timber is, in the plaintiff's declaration, alleged as matter of aggravation.— 1 *Denio*, 181; 1 *Comst.* 515.

The declaration being general, neither naming nor describing the "*locus in quo*," under the plea that the close mentioned in the declaration was the close of the defendants, &c., it is not error to permit the defendants to show title to any land in the town of Erin; and by so doing, the defendants were entitled to judgment. — 1 *Chitty's Pl.* (ed. 1855) 595; 1 *Barn. & Cress.* 489; 7 *Durn. & East*, 323; 2 *Phillipp's Ev.* 193; 8 *Wend.* 476, 503; 11 *Id.* 642; 12 *Id.* 207.

The evidence of ownership and possession by defendant Frederick Ray, of a portion of section 22 in the town of

Erin, including the deed to him under which he claimed, was properly received.

The deed to Ray and his acts while in possession, together with his claim, explain that possession, and constitute the same "*prima facie*" evidence of his title to, and seizin of, the fee of said eighteen acres in section 22.—7 *Wheat.* 59; 8 *Carr. & Payne*, 536; 2 *Hill*, 340; 2 *Black. Com.* 290.

COOLEY J.

At the common law, where the defendant pleads *liberum tenementum* to a declaration in trespass *quare clausum*, if the declaration does not contain a particular description of the premises, the plaintiff is always liable to be defeated by the defendant showing title in himself to any parcel of land which would come within the general description given; that is to say, which lies within the township named. The declaration in the present case was of this general character, and the defendants had annexed to their plea of the general issue, a notice of title in Frederick Ray; thus presenting by the record the same issue, so far as this notice is concerned, which would be presented by the plea of *liberum tenementum* at the common law. The Circuit Court ruled, that under this notice the defense was established by proof of title in Frederick Ray to any parcel of land in the township; and the first error assigned is upon this ruling.

At the common law the plaintiff might avoid this result by *new assignment;* that is, by setting forth in his replication to the plea a description of his own premises by metes and bounds, or other particular description; and the issue taken upon this replication would confine the proof to the parcel of land thus described.—1 *Chit. Pl.* 606, *and cases cited: Ellice v. Boyer*, 8 *Wend.* 503. Our statute—*Comp. L.* § 4176, *et seq.* —abolishes special pleas, and requires the defendant, in order to avail himself of any matter of defense which, according to the former practice, was required to be pleaded specially, or of which a special notice was required to be given, to annex

to his plea of the general issue a notice to the plaintiff, briefly stating the nature of such defense. To such a notice there can be no replication, and consequently there can be no new assignment, but the plaintiff goes to trial upon the declaration, plea and notice.

But the plaintiff contends that under our practice he is entitled to present, by his proofs, any matter in reply to the special notice of defense which might formerly have been replied and proved under replication. This is true as a general rule; but whether it can be done in a case requiring a new assignment, and where the replication in fact takes the place of the declaration, is a question quite distinct from that presented in other cases.

It was always at the option of the plaintiff whether he would declare generally, or set forth a particular description of the premises. If he did the former, and the defendant interposed the general issue only, the latter was always liable to be surprised by proof of a different transaction from that he sup_ posed was complained of, since proof of an entry on any parcel of land in the township, in the plaintiffs's possession, would be within the declaration. One object of the plea of *liberum tenementum* in such a case was to compel the plaintiff, by giving a specific description of the land, to confine his cause of complaint, and consequently his proofs, to a specified parcel. We do not think our statute, in abolishing special pleadings, designed to deprive the parties of substantial rights, but rather to simplify the proceedings, and do away with a system which, in the hands of skillful pleaders, was sometimes made to defeat justice. But if its effect is to enable the plaintiff to recover for a cause of action for which he could not have recovered at the common law, upon an issue precisely the same in substance, it is evident that the statute has gone beyond its purpose of simplifying proceedings and abolishing technicalities, and has conferred upon the plaintiff the power to surprise the defendant by proof of a cause of action which he had not anticipated, and which he has no means of com-

pelling the plaintiff to point out specifically by the pleadings. We do not think we can give the statute this construction. The parties go to trial upon the record which they have made up, and no evidence is admissible under it which would not have been admissible under a record precisely similar in substance before the statute. The question presented by this special notice is, whether the defendant, Frederick Ray, is the owner of any parcel of land in the township of Erin; and ownership in the plaintiff of any other parcel is foreign to the issue which the notice presents. If the plaintiff proposes to raise that question, he must in accordance with general rules, put his pleadings in proper form for the purpose.

There is no mode under our statute in which the plaintiff, who has at first declared generally, can obtain the benefit of a new assignment, except by amending his declaration.

This, where the suit is originally brought in the Circuit Court, he may do as a matter of right,— *Circuit Court Rule* 35 —but where the action is brought before a justice of the peace, and plea of title is interposed and bond given, the justice is required by statute "*thereupon*, without further proceeding," to certify the cause to the Circuit Court, and does not appear to possess any power to allow amendments.— *Comp. L.* § 3729 *to* 3734. The statute makes the plea, notice and bond, terminate his jurisdiction of the case; and as the statute also provides that, in the Circuit Court the plaintiff shall be permitted to declare or to give evidence only for the same cause of action whereon he relied before the justice, it would not seem to be in the power of that Court to allow him to so amend his declaration as to describe his premises by metes and bounds, if the result would be to cut the defendant off from a defense which would have been available and complete on the pleadings as they stood before the justice. — *Tuthill v. Clark*, 11 *Wend.* 642.

While, therefore, the plaintiff still has the option to declare in general form as before, yet as our practice affords him no opportunity for new assignment, he is apprised at the outset

that at his peril he must present to the justice such a declaration as will enable him, whatever may be the defense, to go to trial upon his real matter of grievance; though we have no doubt of the power of the Circuit Court to allow any amendments that do not affect substantial rights. But whatever the record is, the parties must try their rights upon it, and not upon some other issue, only brought into the case by the evidence, and variant from that which the record presents.

We are also of opinion that the Court was correct in admitting proof of the deed to Frederick Ray, in connection with evidence of possession and claim of title under it, without requiring him first to go back to the source of title and trace it from thence, to his grantor. A party seeking to show title may commence at either end of the chain at his option; and it does not appear from the bill of exceptions that a complete title was not made out. But possession and claim of title under a deed which purports to convey it, is *prima facie* evidence of title as against one who shows no right in himself.— *Jayne v. Price,* 5 *Taunt.* 326; *Livingston v. Peru Iron Co.,* 9 *Wend.* 520; *People v. Van Nostrand,* 9 *Id.* 50; *People v. Leonard,* 11 *Johns.* 504; *Day v. Alverson,* 9 *Wend.* 223; *Ricard v. Williams,* 7 *Wheat.* 59.

The judgment of the Circuit Court must be affirmed, with costs.

CAMPBELL and CHRISTIANCY JJ. concurred.

MARTIN CH. J. did not sit.