## Willis Bertram v. Addison P. Cook.

*Land contract: Relation of landlord and tenant: Assignee: Estoppel.* One who enters into possession of land under and by virtue of an agreement which another has made for his benefit with a third who held by assignment of a contract for the purchase of the same from a fourth, which contemplates the relation of landlord and tenant in case of default, can acquire no greater rights in the premises as against the latter than his contractee had under the contract.

*Landlord and tenant: Disputing landlord's title: Attornment to stranger: Buying in outstanding title.* One who has taken possession under a lease cannot dispute his landlord's title, or make a valid attornment to a third person, nor during his tenancy can he buy in an outstanding title, without his landlord's consent; he can do no act inconsistent with, or which could change the relation between himself and his landlord, without first yielding and delivering up to the latter the possession acquired from him.

BERTRAM *v.* COOK.

*Land contract: Duty of paying taxes: Tax-titles.* Where one enters under an arrangement with another who is in possession by virtue of a contract with the owner requiring him to pay all taxes, he can acquire no valid title to the premises as against such owner by virtue of any tax-sales for taxes which under the contract it was the duty of his assignor to pay, but would hold any title thus acquired in trust for such owner.

*Heard October 21.    Decided October 26.*

Error to Lenawee Circuit

*Stacy & Underwood* and *A. L. Millard,* for plaintiff in error.

*W. W. Osborn* and *Walker & Weaver,* for defendant in in error.

MARSTON, J :

Cook brought an action of ejectment against Bertram to recover possession of certain lands in Lenawee county.

Cook testified that he took possession of the premises as agent of his father, and that he afterwards purchased the premises; that he afterwards agreed to sell the premises to one Peter H. Hollenbeck, and on the 10th day of January, 1867, a written agreement was entered into between him and Hollenbeck for the sale of the premises, by which Hollenbeck agreed to pay him eight thousand nine hundred and fifty-eight dollars, in certain installments, and also to pay in due season all taxes and assessments upon said premises. The agreement also provided that in case of default in any of the payments as therein stipulated, Hollenbeck, his heirs, representatives and assigns, should afterwards be considered as tenants at will, and that Cook should have all the rights and remedies growing out of such a relation.

It further appeared that the contract had not been fulfilled by Hollenbeck; that in June, 1867, he assigned his interest under this contract to James M. Spear, who took and continued in possession of the premises until April, 1869.

It also appeared that Lorenzo Tabor had a tax-title deed of these premises dated December 6, 1861; that he conveyed his interest thereunder to plaintiff in error March 20, 1869;

and that Bertram also obtained a deed from the auditor general dated December 13, 1870.

There was evidence tending to show that Ezra Bertram and Spear entered into an agreement under which Ezra Bertram entered into possession of these premises before or about the time Spear left; that Ezra remained in possession a few days, when he yielded up possession to his son, the plaintiff in error, who entered, claiming to own the premises under the auditor general's deed to Tabor.

All the questions raised in this case turn upon the relations existing between Cook and Willis Bertram under the facts as stated. The plaintiff in error insists that he had a right to ascertain from Spear at what time he (Spear) was going to give up possession of the premises; that having then, by his superior vigilance and activity, obtained the actual possession, he does not claim through or under Spear, and is not estopped, therefore, from denying Cook's title, but can hold and claim title under his tax-deeds.

The court in substance charged the jury, that if Spear obtained possession of the land under the land contract referred to, and if defendant Bertram, either by himself or by collusion with his father acting for him, hired or procured Spear to give up to them, or either of them, possession, or allowed them to get into possession of the premises, they could acquire no greater or other rights as against Cook than Spear had, and that they would be estopped from setting up these tax-titles, or any other title, in opposition to Cook's rights in the property.

Defendant's counsel requested the court to instruct the jury, "that the defendant would not be bound or prejudiced by any act or agreement of Ezra Bertram on account of the relationship between them, or unless the said Ezra was at that time acting for the defendant as his agent and by his authority." The court modified this request by adding thereto the words "consent or knowledge," and as thus modified, instructed the jury.

Several other instructions were given, but the above are sufficient for the purposes of this case.

An examination of the record fails to show any error; the charge as given was abundantly sustained by the evidence and fully warranted the jury in finding that defendant entered into possession under and by virtue of an agreement entered into between Spear and his father for his benefit. Under such circumstances he could acquire no greater rights in the premises, as against Cook, than Spear could, and the fact that after obtaining possession he disclaimed having entered under Spear, but claimed to hold and be in possession as owner under tax deeds, *prima facie* valid, could give him no greater rights as against Cook.

It has been repeatedly decided in this state, that a person who has obtained possession of premises under a lease cannot dispute his landlord's title. He cannot, by his own act merely, change the tenure so as to enable himself to hold against his landlord, nor can he, during the continuance of the tenancy, make a valid attornment to a third person, without his landlord's consent, or buy in an outstanding title.

Having obtained possession as tenant, he can do no act inconsistent with, or which would change the relation existing between himself and his landlord, without first yielding and delivering up to the latter possession of the premises which he acquired from him. The landlord has a right to rely upon the relation as a protection. To permit the tenant to do otherwise would be but holding out inducements to him to take advantage of his position for his own benefit and to the injury of his landlord. The law very wisely, therefore, holds all such agreements as being contrary to public policy and void, and sternly refuses to permit the person entering under such an agreement from obtaining any advantage thereby.

If defendant entered under an arrangement with Spear, as found by the jury, he was subject to the performance of the duties and obligations which Spear had assumed. One of these was to pay in due season all taxes and assessments

against the premises. By neglecting the performance of this duty he could not permit the lands to be sold, and either directly or indirectly become the purchaser, and thus acquire title to the premises; any title thus acquired he would hold for the benefit of his landlord. He could not be permitted to reap any advantage from the non-performance of a duty on his part.

As we find no error in the record, the judgment must be affirmed, with costs, and the record remanded to the court below for further proceedings under the statute.

The other Justices concurred.