WILLIS H. BERTRAM v. ADDISON P. COOK.

*Estoppel from contesting landlord's title—Judgment for value.*

A tenant's rights rest upon corresponding rights in his landlord, and so long as he claims the former he cannot dispute the latter.

A defendant in ejectment who has obtained possession by collusion with plaintiff's tenant, is estopped for purposes of recovering possession from disputing the plaintiff's title; but the estoppel is not equivalent to an admission of his title in fee.

A tenant is estopped from disputing his landlord's title so long only as the lease continues or he holds over. After he surrenders possession he is as free to set up an independent claim to the property as any other person; and any one who comes into possession by the tenant's consent is no farther estopped than he is.

A plaintiff in ejectment who has estopped defendant from disputing his present right of possession, but has not established title, cannot take judgment for the value of the premises.

A party must stand by the judgment he has elected to take.

Judgment in ejectment for possession cannot be rendered in favor of a plaintiff who has filed his election to take judgment for value, when he is not entitled to the latter but would be entitled to possession.

Error to Lenawee. Submitted Oct. 16. Decided Oct. 20.

EJECTMENT. Defendant brings error. Reversed.

*A. L. Millard* for plaintiff in error.

*Wm. W. Osborn* and *Weaver & Weaver* for defendant in error.

COOLEY, J. Cook brought suit in ejectment to recover from Bertram a quarter section of land in Lenawee county, claiming in the declaration the title in fee. On the trial he made a *prima facie* showing of title and rested. Bertram thereupon introduced two tax titles, originating later than the title of Cook, and owned by himself, and which showed *prima facie* that he was owner in fee. To overcome this defense Cook introduced parol evidence which showed that while he was in peaceable possession of the land by James M. Spear his tenant, and was asserting title, Bertram collusively obtained possession from Spear, and retained it till suit brought. Cook thereupon insisted that Bertram was estopped from disputing his title, as Spear was, who had wrongfully let him in; and the court so held.

For the purposes of a recovery of possession this ruling was correct. *Bertram v. Cook* 32 Mich. 518; *Cook v. Bertram* 37 Mich. 124. It appears, however, that the circuit judge treated the estoppel as equivalent to an admission of title in

fee; and he directed a verdict accordingly. This was plainly erroneous.

Spear was in possession as tenant with certain rights which must rest on corresponding rights in Cook as landlord. He cannot claim the one and deny those on which they rest. But the estoppel only continues so long as the lease continues, and for any further time while the tenant may hold over. If the tenant surrenders the possession he has obtained or enjoyed by means of the tenancy, he is as free to dispute the landlord's title and set up an independent right in himself as any other person. *Fuller v. Sweet* 30 Mich. 237; *Page v. Kinsman* 43 N. H. 328. And any one who comes into possession by consent of the tenant, as Bertram did in this case, is subject to the same estoppel, but no other. He cannot dispute the landlord's present right, but the estoppel goes no further. *Newton v. Roe* 33 Ga. 163; *Lowe v. Emerson* 48 Ill. 160; *Abbott v. Cromartie* 72 N. C. 292; *Hughes v. Watt* 28 Ark. 153; *Longfellow v. Longfellow* 61 Me. 590; *Brenner v Bigelow* 8 Kan. 496; *Prevot v. Lawrence* 51 N. Y. 219; *Phelps v. Taylor* 23 La. Ann. 585; *Mattis v. Robinson* 1 Neb. 3.

The error of the court led in this case to some singular results. Bertram had made improvements upon the land under claim of title, and he had the value thereof appraised by a jury with a view to a recovery if he lost the land. Cook also had the value of the land without the improvements assessed, and it was found to be $4508. The record recites that he thereupon elected to abandon the land to the defenhant, and the court ordered judgment in his favor for the value so fixed.

Now when it is borne in mind that Cook had established no title, but had only by his parol evidence estopped Bertram from disputing his present right to possession, it is manifest that there was no basis for such a judgment. There had been no appraisal of the value of Cook's interest, but what had been appraised was the value of the fee which, subject to Cook's interest, was *prima facie* in the defendant. It may be that when the defendant's tax titles come to be investigated

they will prove worthless, but the right to insist upon them will remain after the estoppel has ceased to operate; that is to say, after Bertram has surrendered possession. But while the estoppel is insisted upon, evidence of the actual title is precluded, and the court could not know who owned the land. It was only known and determined that Bertram, by reason of the manner in which he obtained possession, was under obligation to surrender the present possession.

It is urged, however, that if the judgment for the value of the land is erroneous, the court may now correct the error by giving judgment for the recovery of possession merely. But if the plaintiff actually filed his election to take judgment for the value, as the record recites that he did, the election still stands, and no other judgment would be admissible. Plaintiff must stand by the judgment he has chosen to take. *Weber v. Henry* 16 Mich. 399. Besides, if we could allow such a judgment at all, it would only be matter of discretion, and we should only do so when satisfied that it was warranted by the record. Technically it would be, in this case, but the verdict as entered, so far as it finds Cook the owner in fee, is manifestly unwarranted.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.