### SOPHIA JOCHEN v. WILLIAM R. TIBBELLS.

(Two Cases.)

*Specific objections—Lease—Estoppel as against tenant.*

Where the objection to the introduction of a lease in evidence is that the party offering it has not called either of the subscribing witnesses to prove its execution, the specific objection should be pointed out so that the court can remove it by calling the witnesses; it is not enough to object to it as incompetent and immaterial.

A stipulation in a two-years' lease that if the lessor sells within the first year the sale shall be subject to the lease for that year, and if afterwards, that it shall be subject to the lease for the second year or to such compromise as the parties may enter into, requires the lessee to give up possession at the end of the first year if sale is made within that period.

In ejectment against a tenant or in proceedings to recover possession from him, he cannot deny the landlord's possessory right, nor can those claiming under him. Defendants cannot, therefore, put in

50 MICH.—3

evidence deeds to themselves. But if plaintiff claims the premises
in fee, the tenant is not estopped from denying that he has no
greater right than that of possession.

Error to Saginaw. (Gage, J.) Jan. 10.—Jan. 17.

FORCIBLE ENTRY. Defendant brings error. Affirmed.

EJECTMENT. Defendant brings error. Reversed.

*Lawson C. Holden* and *William R. Kendrick* for appel-
lant in each case.

*Wisner & Draper* for appellee.

MARSTON, J. May 9, 1882, proceedings were commenced
before a circuit court commissioner to recover possession
of certain lands. An appeal was taken, the cause tried in
the circuit court and judgment rendered in favor of the
plaintiff.

During the pendency of this case, and on the 14th of
July, 1882, an action of ejectment was commenced to
recover possession of the same premises, the plaintiff claim-
ing title in fee. Both cases were tried substantially at the
same time, upon the same evidence, and the plaintiff recov-
ered judgment in this case also. They come here upon writ
of error and were heard together.

On the 12th day of April, 1881, the premises in dispute
were leased by James Gibson through Dr. S. S. Stephenson
of Detroit to Perry Carter of East Saginaw, to be occupied
for hotel purposes.

The term was for "two years, subject to a sale as herein-
after provided, from and after the 1st day of May, 1881."
The following provision was contained in the lease:

" And it is hereby mutually agreed by the parties hereto
that said first party shall have the right at any time during
the continuance of this lease to sell said property, provided
that if said premises are sold during the first year of this
lease, such sale shall be subject to this lease for said year,
and if sold after the first year under this lease, such sale
shall be subject to this lease for said year, or to such com-
promise and agreement as may be entered into by the parties

hereto; and it is hereby further agreed that said second party shall have the refusal of said premises to purchase or to rent."

Stephenson sold the premises within the first year to the plaintiff, notified Carter thereof, and Carter moved out at the expiration of the first year and delivered the keys of the house to the agent of Stephenson.

March 20, 1882, while Carter was in possession under the lease, he purchased the premises from Charles P. Hess. The defendant claims title to the premises under Carter, and was let into possession of the premises by Carter, while the latter was in possession under the lease referred to. The defendant also offered to show title in him from Carter by a chain of title from the government, and also tax deeds to a third person from the State in April, 1882. This evidence tending to show title in defendant, and also the tax deed, was rejected by the court upon the ground that defendant occupied the same position that Carter would, and that the latter could not dispute his landlord's title, and this raises the principal question in each case.

When the lease was offered in evidence it was objected to as being incompetent and immaterial. The objection was overruled. In this Court, as showing its incompetency, it was argued that the plaintiff had not and did not call either of the subscribing witnesses thereto to prove its execution. We are of opinion that this specific objection should have been pointed out in the court below so that the objection might have been removed by calling the subscribing witnesses. It was also urged that, even if a sale was made during the first year of the lease, the term would not end at the expiration of that year; that the true construction of the instrument would require the lessee for the remainder of that year to pay rent to the lessor, and for the second year to lessor's grantee. This, we think, is not the proper construction; that the construction placed upon the lease by the parties themselves, Carter moving out and delivering up the keys, was correct.

We have no doubt but that in the first case, tried upon

appeal in the circuit, the ruling of the court in excluding the deeds was correct. The action was to recover possession of the premises, and in such an action the tenant could not, nor could those claiming under him, deny the landlord's possessory right to the premises. This is not open to controversy in this State. *Bertram v. Cook* 32 Mich. 518.

In the ejectment case the same rule would apply to the same extent. In that case, however, the plaintiff went farther. She claimed and recovered a judgment giving her the premises in fee. Where the landlord seeks to recover the possession he can do so under the lease; but if he goes farther and claims the premises in fee, the tenant is not estopped from denying any right claimed by the plaintiff farther or greater than that of possession. This fully protects the landlord, who regains his possession, and the tenant having gained no advantage by taking a lease, the parties then are in proper position to litigate the title should they desire so to do. If the plaintiff's position is correct, a judgment in fee may be obtained by estoppel against the tenant, and thus the landlord has acquired an advantage which he would not be entitled to. *Bertram v. Cook* 44 Mich. 398, and cases cited. *McGuffie v. Carter* 42 Mich. 499 ; *Fuller v. Sweet* 30 Mich. 240.

As the plaintiff could by estoppel have recovered possession in the first case, there was no necessity for resorting to the action of ejectment simply to recover possession.

It follows that the judgment in the first case will be affirmed with costs, and that in the second reversed with costs and a new trial ordered.

The other Justices concurred.