WARNER D. SHAW v. SARAH L. HILL.

[See 79 Mich. 86.]

*Ejectment—Parties—Equitable title—Judgment.*

1. An employé of a defendant in ejectment, who was permitted to move into the house on the premises, and lived therein when the suit was commenced, but who claimed no rights in the land as tenant or otherwise, is not a necessary party defendant.

2. The right of *possession* of a plaintiff in ejectment under color or claim of title may be *prima facie* title as against a mere intruder, but when a defendant shows an equitable interest in the land, unconnected with and independent of plaintiff's claim of title, he may show in defense plaintiff's want of title.

3. In the cases in which it has been held that an equitable title cannot be set up in ejectment against the legal title, the legal title was fully established, and the evidence of the equitable title was sought to be introduced to overthrow the legal title, which, without such evidence, was admitted; citing *Whiting v. Butler*, 29 Mich. 122; *Ryder v. Flanders*, 30 Id. 336; *Conrad v. Long*, 33 Id. 78; *Harrett v. Kinney*, 44 Id. 457; *Yale v. Stevenson*, 58 Id. 537; *Geiges v. Greiner*, 68 Id. 153.

Error to Berrien. (O'Hara, J.) Argued October 29 and 30, 1890. Decided November 21, 1890.

Ejectment. Defendant brings error. Reversed. The

facts are stated in the opinion, and in former report of the case.

*Jacob J. Van Riper* and *George S. Clapp*, for appellant.

*O. W. Coolidge*, for plaintiff, contended:

1. The defendant has shown no title in herself:

   *a*—The deed of Lanman to Fleetwood was inadmissible, because the certificate of acknowledgment, purporting to be made by a commissioner of deeds for Michigan, had no seal, nor any word, recital, or device tending to show any seal; citing *Buell v. Irwin*, 24 Mich. 145; *Pope v. Cutler*, 34 Id. 150; and the record of a deed defectively executed is not made evidence of a valid sale without the production of the deed; citing How. Stat. §§ 5724, 5727; *Brown v. Cady*, 11 Mich. 535.

   *b*—The deed of Fleetwood to Butler was inadmissible, because not certified by the clerk of a court of record to have been executed according to the laws of the state where executed, as required by Rev. Stat. 1846, p. 263, § 10, which statute was in force when the deed was executed; nor is there any evidence that the deed was executed according to the laws of the state of New York; citing *Brown v. Cady*, 11 Mich. 535; nor does the certificate of acknowledgment, which is signed, "J. M. Baldwin, Commissioner of Deeds," show for what state, if for any, he is commissioner.

2. There was no tenant on the premises when suit was commenced, and if any one occupied the house he was simply a hired man of defendant, and not a necessary party defendant; citing *Hendricks v. Rasson*, 49 Mich. 85; *Shaver v. M'Graw*, 12 Wend. 558; *Chiniquy v. Bishop*, 41 Ill. 157.

*Edward Bacon*, for plaintiff.

MORSE, J. This case has been here once before, and will be found reported in 79 Mich. 86. The facts are not materially different from what they were then, except in the showing made by defendant as to her title to the premises.

There was also on the last trial some evidence tending to show that one Curran was in the actual occupancy of the premises at the time this suit was brought, and it is claimed by the defendant that he should have been made

a defendant. It was shown, however, that the occupancy of Curran was for but a short time, and while he was working for defendant; that he made no claim to any rights in the land, either as tenant or otherwise. It seems he wanted to move into the house on the premises, and the defendant permitted him to do so. Under the circumstances, it was not necessary to make him a party.

We held in the case when it was here before that plaintiff, although he was shown to have no title in the land, but entering into possession in good faith, under a claim of right—his tax title deeds—which proved value-less, could nevertheless maintain ejectment against the defendant, who obtained possession through plaintiff's tenant, Streeter, and who showed no title, right, or interest in the land, except a claim, merely asserted, but not proved, of being the original owner of the land; citing *Bertram v. Cook,* 32 Mich. 521; *Cook v. Bertram,* 37 Id. 125; *Bertram v. Cook,* 44 Id. 397 (6 N. W. Rep. 868); *Morse v. Byam,* 55 Id. 594 (22 N. W. Rep. 54); *Fuller v. Sweet,* 30 Id. 241. See *Shaw v. Hill,* 79 Mich. 90. But it was also pointed out in the opinion that had the defendant proved title to herself in the land the suit could not have been maintained by the plaintiff, for the reasons given in *Jochen v. Tibbells,* 50 Mich. at page 36, where it was said that if—

"The landlord seeks to recover the possession he can do so under the lease; but if he goes further, and claims the premises in fee, the tenant is not estopped from deny-ing any right claimed by the plaintiff further or greater than that of possession. This fully protects the landlord, who regains his possession, and, the tenant having gained no advantage by taking a lease, the parties then are in proper position to litigate the title should they desire so to do. If the plaintiff's position is correct, a judgment in fee may be obtained by estoppel against the tenant, and thus the landlord has acquired an advantage which he would not be entitled to."

This is exactly what has been done in this case. The verdict was directed by the court, that the plaintiff was well entitled to hold the premises in fee, and against the defendant for possession; and without any title at all the plaintiff has judgment against the defendant for the fee of the land. It is true, when the case·was here on the other record, we said that such a judgment might be entered as against a mere intruder upon the possession of one having prior possession, and being ousted by such intruder; and that, against such an intruder, the person first in possession, claiming title, has a valid, subsisting interest, amounting to a *prima facie* title in fee. The trial court undoubtedly intended to follow our ruling when he directed the verdict as he did upon the last trial.

But upon the first trial Mrs. Hill made no proof of any right or title in herself to the premises, and this was the controlling fact which ruled our holding when the case was first here. Upon this record, it appears that she proved at least an equitable title to or interest in the land, entirely independent of and adverse to any claim of plaintiff. She showed a patent from the United States to Charles J. Lanman, September 10, 1838. She also introduced the records in the office of the register of deeds of Berrien county, which showed a deed by Lanman and wife to Stanley H. Fleetwood, September 13, 1850, and by Fleetwood to Charles Butler, May 1, 1852, by Butler to Clinton B. Fiske, July 6, 1853, and by Fiske to James B. Crippen, May 16, 1855. These deeds were all recorded on and before May 18, 1855. It was also shown that February 9, 1866, Crippen sold this land to Greenleaf Glidden upon a land contract. This contract was recorded, but was not acknowledged, and was shown by the record. Crippen died in 1869, and left a will in which he directed his executors to

sell all his lands. His wife was appointed executrix in his will, in company with Clinton B. Fiske and David B. Dennis. Mrs. Crippen alone qualified, for what reason the probate records fail to show. Glidden assigned his contract to the defendant, and Mrs. Crippen ratified it, and, as executrix, deeded the land to Mrs. Hill, January 18, 1872.

The deed from Lanman to Fleetwood was executed in Connecticut before one John T. Waite, purporting to be a commissioner of deeds, within that state, for the State of Michigan. It was objected to because it did not purport to be executed and acknowledged according to the laws of the State of Michigan, because the record did not show that the acknowledgment bore the official seal of the commissioner. The record of the deed from Fleetwood to Butler was also objected to, because the acknowledgment did not recite "that it was executed according to the laws of the State of Michigan, or that the execution of the same was the free act and deed of the grantor." It was acknowledged before a commissioner of deeds in the state of New York. The deed from Mrs. Crippen, as executrix, was objected to for the reason that it was executed and acknowledged by her alone, and was never signed or acknowledged by Clinton B. Fiske or David B. Dennis, executors named in her husband's will. The record of the contract to Glidden was objected to because there was no law authorizing its record, it not being witnessed or acknowledged. These evidences of title in Mrs. Hill were all received by the court, in the first place, when offered in evidence, under the objections above noted. By his ruling afterwards, he evidently held the chain of title not complete, but in what respect is not shown by the record.

Conceding that the chain of title from the United States to Mrs Hill was not established, was there enough

shown to permit her to contest the title of the plaintiff, or his *prima facie* title arising out of his prior possession? There was certainly enough to show that she was more than a mere intruder without any claim of title whatever. She has certainly shown an attempt to convey the title from Lanman through mesne conveyances, and the equity of none of them is controverted. There is nothing tending to show a want of good faith in any one of the conveyances. She has not the legal title simply because of defects in the acknowledgments of some of the deeds.

But it is said that, her title or interest being merely an equitable one, it cannot be shown as a matter of defense in an action of ejectment. It has been held by this Court many times that an equitable title cannot be set up against the legal title. *Ryder v. Flanders,* 30 Mich. 336; *Whiting v. Butler,* 29 Id. 122; *Conrad v. Long,* 33 Id. 78; *Harrett v. Kinney,* 44 Id. 457 (7 N. W. Rep. 63); *Yale v. Stevenson,* 58 Id. 537 (25 N. W. Rep. 488); *Geiges v. Greiner,* 68 Id. 153 (36 N. W. Rep. 48). But this is not setting up an equitable title against a legal title. The cases above cited are those where the legal title was fully established, and the evidence of the equitable title was sought to be introduced to overthrow the legal title, which, without such evidence, was admitted. But here the plaintiff is shown to have no title. The title or interest of the defendant is independent of the title claimed by plaintiff, and has no connection with it. If plaintiff's tax titles are void, as they seem to be conceded to be, his only right to the premises is the right of possession under color of title, as against a mere intruder, without any title, which in law, as against such intruder, will be deemed a *prima facie* title in fee. But with the defendant in possession, when plaintiff commenced his action of ejectment, with an equitable title or interest in the land, and the plaintiff without title, although

defendant might be estopped, by her agreement with Streeter, from disputing plaintiff's right to the possession, can he recover against her the the title in fee to the premises? We think not. He would thereby gain an advantage over the defendant that he was not entitled to. *Jochen v. Tibbells,* 50 Mich. 36.

Plaintiff's action for his possession, if he was entitled to it, should have been by summary proceedings under the statute. If he chooses to bring ejectment, he must be prepared to show some interest in the land other than a naked right to the possession. He must have "a valid, subsisting interest" in the premises as well as the right to possession. How. Stat. § 7790. The right of possession under color or claim of title may be *prima facie* title as against a mere intruder, but when an equitable interest is shown by the defendant in the land, an equity unconnected with and independent of plaintiff's claim of title, such defendant may show, in defense to the action of ejectment which has been planted against him, that plaintiff has no title at· all to the premises.

The judgment must be reversed, and a new trial granted, with costs of this Court to defendant.

The other Justices concurred.