Percy T. Cook, Administrator, etc., v. Willis H. Bertram.

[See 32 Mich. 518; 37 Id. 124; 44 Id. 396.]

*Ejectment—Title—Evidence—Estoppel—Parties—Substitution.*

1. Possession under a warranty deed, executed by one in peaceable possession and claiming title at the time of its execution, is *prima facie* evidence of title in the grantee as against an intruder who shows no better title in himself; citing *McFarlane v. Ray,* 14 Mich. 465; *Gamble v. Horr,* 40 Id. 562; *Bennett v. Horr,* 47 Id. 221; *Covert v. Morrison,* 49 Id. 133; *Johnson v. Johnson,* 70 Id. 65; *Shaw v. Hill,* 79 Id. 86.

2. A defendant in ejectment cannot defeat a recovery by a plaintiff, who shows a *prima facie* title to the land, by the introduction of a government patent, under which he claims no rights, but which he seeks to introduce for the sole purpose of defeating such recovery by showing an outstanding title; citing *Bennett v. Horr,* 47 Mich. 221.

3. A defendant in ejectment who obtained possession by collusion with the assignee of a land contract which he had concluded to abandon, and who claims no rights under said contract, is not in a position to raise any questions that might be raised between the vendee and the plaintiff.

4. The record of the order for subpœna, order *pro confesso,* final decree and order of sale, and order confirming sale in a foreclosure suit, and copies of the mortgage and assignment, with evidence of the calendar entries, are competent evidence where the original files are lost, and sufficient to show jurisdiction and the regularity of the proceedings.

5. A verdict and judgment in an ejectment suit in favor of the plaintiff's administrator, who was admitted to prosecute the case, will be amended on appeal, the defendant not being prejudiced, as under such verdict and judgment the *real* title is in the heirs, subject to the payment of debts and expenses of administration.

Error to Lenawee. (Lane, J.) Argued May 19 and 20, 1891. Decided June 5, 1891.

Ejectment. Defendant brings error. Affirmed. The facts are stated in the opinion, and in the former reports of the case.

*A. L. Millard,* for appellant.

*C. E. Weaver* and *L. E. Knappen,* for plaintiff.

GRANT, J. This is an action of ejectment, and is now in this Court for the fourth time. 32 Mich. 518; 37 Id. 124; 44 Id. 396. We refer to those cases for a full statement of the facts, and shall here only refer to those which are necessary to a determination of the errors alleged.

1. Plaintiff introduced the following evidence of title: A mortgage on a part of the land, executed in March, 1854, by one Birdsell and his wife; a mortgage of the entire land executed in October, 1854, by one Brown to Mr. Birdsell; assignment of this mortgage to George Cook in October, 1854; assignment of the former mortgage to one Warn in December, 1858; warranty deed from Brown to one Hathaway, executed in January, 1856, subject to these two mortgages,—Brown at the time being in possession, and claiming title; surrender of possession by Brown to Hathaway, and his continuance in possession until the foreclosure of the above-mentioned mortgages; foreclosure proceedings by George Cook in 1860, resulting in a commissioner's deed of the land; surrender of possession by Hathaway; possession of land by George Cook through Addison P. Cook, his agent, until July 9, 1864, when George, by warranty deed, conveyed the land to Addison P. Cook; a contract for the sale of this land, executed by Addison P. Cook, January 10, 1867, to one Hollenbeck; non-performance on the part of Hollenbeck, and an abandonment of the premises by him. These facts show a *prima facie* title in fee as against one show-

ing no better title in himself. *McFarlane v. Ray*, 14 Mich. 465; *Gamble v. Horr*, 46 Id. 562; *Bennett v. Horr*, 47 Id. 221; *Covert v. Morrison*, 49 Id. 133; *Johnson v. Johnson*, 70 Id. 65; *Shaw v. Hill*, 79 Id. 86.

To defeat this title defendant introduced two tax deeds for the taxes of 1859 and 1868, and the record of a patent from the United States government to one Comstock, dated September 15, 1835. Defendant claimed no rights under this patent, but introduced it for the sole purpose of defeating plaintiff's right of recovery by showing an outstanding title. This is ruled against defendant by *Bennett v. Horr*, 47 Mich. 221. The court below was therefore correct in instructing the jury that plaintiff had established a title in fee in himself, and the defendant had failed to show any title in him.

2. The defendant's tax titles were void under the repeated decisions of this Court. The defendant's counsel, neither in his brief nor in his oral argument, discussed the objections to their validity, but raised only the point that they were not within the class of objections allowed to be made by the statute then in force. Comp. Laws 1871, § 1130. It would be of no value to any one to discuss here questions which have been repeatedly decided. The tax titles being void, the defendant was, under the evidence in this case, an intruder, and by the verdict and judgment of the court has obtained the benefit of improvements to which he was not entitled.

3. One Spear had obtained an assignment of the land contract from Hollenbeck, and was in possession of the land. When Spear had concluded to abandon the contract he colluded with the defendant and his father to abandon possession to defendant. Defendant claims no rights under that contract, but rather in hostility to it. He is not, therefore, in position to raise any questions

that might be raised between Hollenbeck and plaintiff, or his intestate. But if defendant originally had had any such right this was completely cut off by the written demand of possession and notice to quit, which were served upon defendant by Addison P. Cook shortly after he had obtained possession by his collusive arrangement with Spear.

4. Error is alleged upon the introduction of evidence as to the value of improvements. Under the defendant's own testimony he was not entitled to the benefit of any improvements:

1. Because his entry was obtained by collusion, and in fraud of the rights of Addison P. Cook.

2. Because the improvements were mostly made after the commencement of this suit.

The jury allowed him $2,500 for improvements, and also fixed the value of the land, aside from any buildings. or improvements, at $3,900. The plaintiff, under the statute, elected to take this value. It therefore becomes. unnecessary to consider this alleged error.

5. The files in one of the chancery foreclosure suits were lost. Secondary evidence of their contents was therefore competent. Plaintiff introduced the record of the order for subpœna, the order *pro confesso,* the final decree and order of sale, the order confirming report of sale, and copies of the mortgage and assignment, and evidence of the calendar entries in the suit. These were all competent, and were sufficient to show jurisdiction in the court and the regularity of the proceedings.

6. Upon the death of Addison P. Cook during the pendency of the suit plaintiff was admitted, as his administrator, to prosecute it. Defendant's counsel insists that in any event the administrator has no title, and that therefore this suit cannot be maintained in his name. This is technical, and, if correct, the verdict and judg-

ment would be amended in this Court. The defendant is not prejudiced, and under the verdict and judgment the real title is in the heirs, subject to the payment of debts and expenses of administration.

There is no error upon the record, and the judgment is affirmed.

CHAMPLIN, C. J., MORSE and LONG, JJ., concurred. McGRATH, J., did not sit.