JOHN HENRY SHOE COMPANY *v.* WILLIAMSON.

Opinion delivered May 1, 1897.

EJECTMENT—RECOVERY FROM INTRUDER.—A plaintiff in ejectment may recover as against a mere intruder who relies upon possession only upon proof of actual peaceable possession under color of title prior in point of time to defendant's possession, though such possession had not continued for seven years. (Page 102.)

ADVERSE POSSESSION—SUFFICIENCY OF EVIDENCE.—Proof that the plaintiff in an ejectment suit paid taxes for twenty years on the land sued for, and appointed an agent to look after it, who on several occasions took parties to see it, and walked over it, and that plaintiff on one occasion did sell it, and afterwards foreclosed its vendor's lien, and purchased the land, does not establish such actual possession as would entitle plaintiff to recover from a subsequent intruder. (Page 103.)

SAME—Prior actual possession of land by a plaintiff seeking to recover from a mere intruder is not established by evidence that his agent on one occasion granted permission to a third person to lodge some of his cotton pickers in a hut that had been erected upon the land by a squatter, in the absence of proof that it was so occupied. (Page 104.)

Appeal from Crawford Circuit Court.

JEPHTHA H. EVANS, Judge.

### STATEMENT BY THE COURT.

This action of ejectment was brought by the John Henry Shoe Company against Geo. W. Williamson to recover a tract of land in Crawford county. The land bordered on the Arkansas river, and is described as the "northwest fractional quarter of section 5, township 8 north, range 32 west, containing about $3\frac{1}{2}$ acres, with accretions thereto." The land in question was sold in 1842 by Thomas W. Newton, United States marshal, as the property of Wm. K. English & Thomas H. Johnson, under an execution from the United States court for the district of Arkansas, issued upon a judgment against said English & Johnson, rendered in said court. At such sale Geo. C. Pickett and John Henry purchased, and the marshal executed a deed purporting to convey said land to them. Plaintiff's chain of title goes back to this deed to Pickett and Henry, under whom it claims title. The land was wild and unoccupied, except at intervals by squatters. At one time, about thirteen years before suit was commenced, a squatter named Gooding erected a hut upon the land. Gooding did not hold under plaintiff, but claimed that the land was made by the river, and that he had as much right to it as any one. After he left, the hut was occupied occasionally by tramps, and sometimes by cotton-pickers, first by one person and then by another. The land was never inclosed until the defendant, Williamson, went upon it. He put some wire around it, but did not cultivate it. At the time this action was commmenced, he was cutting the timber on the land and selling it. Williamson claimed title to the land, but no evidence was introduced to support his claim. He relies alone upon his possession.

In addition to documentary evidence introduced by it, plaintiff undertook to show that it had acquired title by adverse

possession. The evidence on this point is substantially as fol-
lows: Plaintiff and those under whom it holds have claimed
title to this land since 1842, and have paid taxes on the land
for over twenty years. Plaintiff for several years kept an agent
in Crawford county to look after this and other land. This
agent went upon the land at different times, had it surveyed,
and tried to sell it to different persons. On one occasion the
agent granted permission to a Mr. Day to lodge some of his
cotton pickers in the hut on the place. Plaintiff in 1882 sold
the land to M. B. Baird, retaining a lien for payment of the
purchase money. He afterwards enforced the lien, and pur-
chased the land at the foreclosure sale, and has been claiming
to be the owner thereof since such sale.

After plaintiff had introduced all its evidence, the court,
on motion of defendant, held that plaintiff had not made out a
case, and directed a verdict for the defendant.

*Miles & Miles*, for appellant.

The plaintiff claimed title by purchase and by adverse pos-
session. He, and those under whom he claims, have exercised
ownership and authority over it, and had such occupancy and
possession as the character of the land would admit of, since
1842. His title is sufficient to maintain ejectment,—certainly
against a mere trespasser. 3 Wash. Real Prop. p. 134, *p.
495; 27 Ark. 94.

*Winchester & Martin*, for appellees.

Plaintiff only shows color of title, if that. Adverse pos-
session is necessary to perfect his title, and he has shown none.
45 Ark. 89; Newell, Eject. p. 725, § 35 *et seq.* and § 41 *et
seq.* Until plaintiff shows paramount title, the defendant is
entitled to a verdict. 2 Green. Ev. § 331; 47 Ark. 217, 218;
48 *id* 281.

RIDDICK, J., (after stating the facts.) The evidence, so
far as it was developed at the trial, tends to show that the
defendant was a mere intruder, without title other than posses-
sion; and the question for us to determine is whether the evi-
dence of title introduced by plaintiff was sufficient to sustain a
recovery against such defendant. The general rule is that in

an action of ejectment the plaintiff must recover upon the strength of his own title, but this does not require the plaintiff in all cases to trace his title back to the government or first grantor, but only to exhibit such a title as will put the defendant to proof of a title superior to mere naked possession. A deed, other than from the government, is not of itself alone evidence of title; but a deed accompanied by proof of actual possession and claim of title thereunder is a sufficient showing of title to recover against a mere intruder, although such possession has not continued for the statutory period of seven years. Title may, in the absence of other evidence, be inferred from possession alone, and, as against a defendant who relies upon possession only, it is sufficient for the plaintiff to show an actual peaceable possession under the color of title prior in point of time to the possession of the defendant. *Cook* v. *Bertram*, 86 Mich. 356; *McFarlane* v. *Ray*, 14 Mich. 465; *Christy* v. *Richolson*, 48 Kas. 177; 2 Ballard's Law of Real Property, § 507; Sedgwick & Wait's Trial of Title to Land (2d Ed.), § 717. The deeds introduced in evidence by appellant in this case do not of themselves show title, for they do not go back to the government, or to any one shown to have been the owner of this land. The fact that the records of the county where the lands lay had been destroyed by fire in 1877 does not supply this defect in the title, for, while such fact might open the way for the introduction of parol proof of the contents of any record or deed destroyed by said fire, it does not dispense with the necessity of showing that a record or deed existed. As appellant's claim of title was not complete, it was necessary for it to show actual possession of the lands in controversy, either by itself or by those under whom it claims title. The evidence shows that plaintiff, and those under whom it holds, have claimed title to and paid taxes on this land for many years, but we have searched the transcript in vain to find any evidence tending to show actual possession of this land by plaintiff or those under whom it claims title. The fact that plaintiff paid taxes on the land; that it appointed an agent to look after the land, who on several occasions took parties to see it, and walked over it, and tried to sell it; that on one occasion plaintiff did sell the land,

and afterwards foreclosed its lien, and purchased the land,—
these facts do not show actual possession of the land by plain-
tiff.  *Thompson* v. *Burhans*, 61 N. Y. 52; S. C. 79 N. Y. 93;
*Paine* v. *Hutchins*, 49 Vt. 314; *Scott* v. *Mills*, 49 Ark. 266;
*Brown* v. *Rose*, 48 Iowa, 221; 2 Dembitz on Land Titles, §
181.  Neither does the fact that on one occasion the agent of
plaintiff gave permission to a farmer to lodge some of his cot-
ton pickers in the hut which had been erected upon the land by
a squatter.  If we should concede that a temporary occupation
of this hut by cotton pickers under the permission of plaintiff
would be sufficient to establish an actual possession by plain-
tiff, still there is no evidence to show that the land was occupied
in that way.  The evidence shows that permission was given,
but it does not show that possession was taken.  The facts
above referred to show that plaintiff claimed title to the land,
and, if actual possession had been shown, these circumstances
would serve to indicate the nature of such possession, and show
that it was adverse, but they do not of themselves show pos-
session.

Our conclusion is that the plaintiff failed to make out a
case, and that the court did not err in directing a verdict for
defendant.

The judgment is affirmed.