HOFFMAN v. NELSON.

LANDLORD AND TENANT—FIXTURES—EVIDENCE OF TITLE—INJUNCTION.

> In a suit for injunction to restrain the complainant's tenant from moving a frame building off the leased premises, a denial, in the answer, of the complainant's title to the building, with evidence on the hearing that the building belonged to the tenant, imposes on the complainant the burden of showing a valid title to the structure.

Appeal from St. Clair; Tappan, J.   Submitted October 12, 1909.   (Docket No. 49.)   Decided November 5, 1909.

Bill by Julia A. Hoffman against Louise C. Nelson and another to restrain the removal of a building.   From a decree dismissing the bill, complainant appeals.   Affirmed.

*Hart & Pepper*, for complainant.

*Moore & Wilson*, for defendants.

MOORE, J.   On April 3, 1909, this bill of complaint was filed.   It contains, among others, the following averments:

"*First.* Your oratrix, Julia A. Hoffman, of the city of Port Huron, said county, respectfully represents unto this honorable court that before and at the time of making the lease hereinafter mentioned your oratrix was seised in fee simple of the premises hereinafter described, and, being so seised, by a certain lease bearing date of the 1st of May, 1907, and made by and between your oratrix of the one part, and Mrs. Louise C. Nelson, of the city of Port Huron, the defendant hereinafter named, of the other part, your oratrix demised, leased, and let unto the said defendant a bathhouse and one frame building used as a boathouse of the value of $200, unto the defendant, all being situate on that part of Fisheries No. 1, so called, directly south of Lakeside Park, so called, in the city of Port Huron, said county, and the lands upon which said buildings were located, to hold the same, with the appurtenances, unto the said defendant, situate as aforesaid, for the term of two years then next ensuing, at an annual rental of $100; and the said defendant did thereby covenant, promise, and agree with your oratrix that she would during the said term keep the said premises in good repair, and at the expiration of the term to yield and deliver up the same in like condition as when taken, as by said indenture of lease, reference being thereunto had, will more fully appear.

"*Second.* Your oratrix further represents that the said defendant Louise C. Nelson, under and by virtue of the said indenture, entered upon said demised premises with the appurtenances, and became and was possessed thereof for the said term so granted to her thereof by your oratrix as aforesaid.

"*Third.* Your oratrix further represents that on the 3d day of April, A. D. 1909, the said Louise C. Nelson, contriving to injure your oratrix in her ownership of the said property and especially of the said buildings, has caused the said frame building used as a boathouse, as aforesaid, to be prepared for removal from the said premises, and, as your oratrix avers, is now in the act of removing the said frame building, and has caused one Obediah Young of the city of Port Huron to go to the said premises with apparatus to remove the said building, and that the said Obediah Young intends to remove the said frame building from the said premises to some other point in the said city of Port Huron, as your oratrix is informed and believes. Your oratrix further avers that the removal of the said building is now in progress, and is all without the consent of your oratrix."

Among other things prayed are the following:

"That, upon the final hearing hereof, the said defendants may be decreed to put the said premises into such repair and condition in every respect, as far as circumstances will permit, as the same were in at the time the said Louise C. Nelson entered upon the same, under said lease as aforesaid, and to make a reasonable compensation to your oratrix for all wastes done, committed, or suffered by her on the said premises, and damages occasioned thereto by the removal of the said frame building as aforesaid; that the said defendant Louise C. Nelson may be decreed to keep the said premises in good and sufficient repair and condition during the remainder of her time therein."

The defendant Nelson answered the bill of complaint. Her answer contained, among other things, the following:

"She admits that on or about the 1st day of May, A. D. 1907, she entered into a lease for the said premises, but denies that at the time of the execution of the said lease she knowingly signed any lease for the frame building in question. This defendant, further answering, states that she is now and has been for eight years and upwards the owner of the frame building in question, and that at the time she placed said building upon the premises in question she did so under a written lease for the land executed between herself and one John M. Hoffman as attorney in fact for William H. Varney; and that all ground rent for the said premises was by her paid to the said John M. Hoffman or his assignees.    *    *    *

"This defendant admits that on or about the 3d day of April, 1909, she was preparing to remove from the premises in question the frame building in question, and based her right so to do upon actual ownership of the building, coupled with the further fact that her lease of said premises expires May 1, 1909."

A hearing was had in open court. From a decree dismissing the bill of complaint, the case is brought here by appeal.

Upon the hearing the complainant did not show that she was the owner in fee of the land upon which the building stood. She offered no deeds in evidence, but contented herself with offering in evidence a lease made May

1, 1907, between herself and Mrs. Nelson, in which, among other property described, was "one frame building now used as a boathouse." The complainant claims that—

"The fact that the frame building is included in the lease, without any exception made as to its being of a different ownership than the other property, *prima facie* makes Mrs. Hoffman the possessor of a title to it superior to the claims of Mrs. Nelson, the lessee. In other words, whatever title Mrs. Hoffman can be said to have to the land itself and to the cement building leased through the recitals in the written lease of 1907 must necessarily be no greater than her title to the frame building, inasmuch as all are included in the one description."

On the part of the defendant it was shown that she entered into possession of the property by virtue of a written lease in May, 1902, made between John M. Hoffman and herself, in which it was recited that the premises were leased for "the purpose of erecting a bath or boat house thereon." It was provided in the lease that, at the expiration of the term, Mrs. Nelson was to yield and deliver up the premises "in like condition as when taken," etc. It was shown that it was agreed by Mr. Hoffman and Mrs. Nelson that she might move a frame building upon the premises, and that the title thereto should remain in her, and that she should have the right to remove it. Mrs. Nelson also testified that she did not know that any reference was made to this frame building in the lease she obtained from Mrs. Hoffman, until after this bill was filed. The record shows very clearly that the agreement about the building was made with Mr. Hoffman as outlined above, but it is contended that, as Mrs. Nelson signed the lease, she is now estopped from questioning the title of Mrs. Hoffman to the building. If the controversy was between the landlord and tenant at the expiration of a lease over simply the question of who was entitled to the possession, there would be much force in the contention. But the bill of complaint concedes that, when it was filed, Mrs. Nelson was entitled to the posses-

sion of the property, and avers that complainant was the owner in fee simple of the premises.

This claim is disputed by defendant. It thus became important for complainant to establish her title. See *Jochen* v. *Tibbells*, 50 Mich. 33 (14 N. W. 690); *Shaw* v. *Hill*, 83 Mich. 323 (47 N. W. 247, 21 Am. St. Rep. 607).

The decree is affirmed, with costs.

BLAIR, C. J., and GRANT, McALVAY, and BROOKE, JJ., concurred.