SMITH *v.* COLE.

LANDLORD AND TENANT — EJECTMENT — TITLE — ESTOPPEL — RIGHT TO INSTITUTE ACTION.

A tenant who, during his occupancy, purchased title from third persons against whom his landlord claimed rights by adverse possession, was entitled to maintain ejectment against the landlord after being dispossessed by proceedings in commissioner's court, although, shortly after commencing the action, he resumed possession of the premises in question in defiance of his lessor.

Error to Oceana; Sessions, J. Submitted February 16, 1911. (Docket No. 55.) Decided June 2, 1911.

Ejectment by Milton Smith against George W. Cole. A judgment for plaintiff on a verdict directed by the court is reviewed by defendant on writ of error. Affirmed.

*Frank E. Wetmore*, for appellant.

*Nims, Erwin, Vanderwerp & Foote*, for appellee.

BLAIR, J. On the 26th day of February, 1909, plaintiff filed his declaration in ejectment, alleging that, he being in the possession thereof as owner in fee—

" The said defendant afterwards, to wit, on the 23d day of February in the year 1909, entered into said premises and unlawfully withholds from the said plaintiff the possession thereof, to the damage of the said plaintiff," etc.

To this declaration defendant pleaded the general issue with notice of adverse, open, notorious, and peaceable possession of said premises for more than 15 years prior to the commencement of this action.

In support of his title and right of possession, plaintiff proved that on the 7th day of September, 1907, he acquired the original and record title to the premises described in his declaration from the then owner thereof. He further

showed that on the 2d day of May, 1889, his predecessors in title executed a land contract to the defendant for the purchase of said premises; that defendant made two payments upon this contract, one on May 2, 1889, of $25, and the other, of $20, on November 16, 1891; and that since November 16, 1891, defendant had been in possession of the premises and that no payments had been asked of him since that time. Plaintiff testified that in November, 1906, supposing that the premises in question belonged to defendant, he rented the premises from defendant for one year and continued in possession of the premises until the institution of summary proceedings by defendant Cole to obtain possession of the premises.

" Then, after the suit in commissioner's court, you kept right on in possession there, didn't you ?

"*A.* No.

"*Q.* Who plowed it this spring ?

"*A.* I plowed it this spring, but it was left there—I can explain that to you. It was left there, and Cole was going to rent the place, and he couldn't get no one to rent it, and he had Frank Washburn to look after the place and wanted to rent it to him.

" *Mr. Wetmore* (interrupting): Wait a minute, that is objected to.

"*Q.* You kept in possession of the place and are in possession now, are you not ?

"*A.* I am in possession now. Wait until I explain this.

"*Q.* No, you simply explain this: You are in possession now ?

"*A.* I am now, at the present time.

"*Q.* And were at the time of the commencement of this suit, were you not ?

"*A.* Yes, sir."

There were no buildings upon the premises, but plaintiff owned lands which cornered upon them.

The summary proceedings resulted in a judgment in favor of the plaintiff therein and defendant in this case for restitution of said premises upon the 17th day of February, 1909, and the writ of restitution issued upon said judgment was executed by the sheriff on July 16, 1909,

as appears by the return, "by removing Milton Smith from the premises therein described and have put George W. Cole into peaceable possession of the same as I am within commanded." At the close of the proofs, the following colloquy occurred between the court and counsel:

"*The Court:* Do you, gentlemen, either of you, contend that there is any question of fact for this jury?

"*Mr. Wetmore:* I claim not.

"*The Court:* What do you say, Mr. Foote?

"*Mr. Foote:* No, I think not.

"*The Court:* It is a question of directing a verdict one way or the other, is it not?

"*Mr. Wetmore:* It is.

"*Mr. Foote:* Yes."

Thereupon, the court directed a verdict in favor of plaintiff, and defendant brings the case to this court for review upon writ of error.

The record indicates, and counsel insists in his supplemental brief on behalf of defendant—

"That adverse possession was not the issue tried in the case, and the record shows that the question being tried was that the plaintiff was in no position to begin or maintain his suit, and that he had not made out a case."

Defendant argues:

"That a tenant in possession cannot buy a title adverse to his landlord and then try titles with him unless he has first surrendered possession back to his landlord." *Bertram* v. *Cook*, 32 Mich. 518; *Id.*, 37 Mich. 124; *Id.*, 44 Mich. 396 (6 N. W. 868); *Id.*, 86 Mich. 356 (49 N. W. 42); *Morse* v. *Byam*, 55 Mich. 594 (22 N. W. 54).

And, further, that a person in possession is not entitled to maintain ejectment, citing *Lockwood* v. *Drake*, 1 Mich. 14; *Dawson* v. *Peter*, 119 Mich. 274 (77 N. W. 997).

It is true that the plaintiff, Smith, testified: That he was in possession of the premises at the time of the commencement of this suit; but he further testified:

"*Q.* And have been ever since that time, have you not?

"*A.* No, I have not.

"*Q.* When were you out of possession?

"*A.* From the time of the suit last winter, I don't remember exactly what time, until this spring in May. And that he had held possession from about the 1st of May until the sheriff had served his writ.

"*Q.* Who had possession before that?

"*A.* I was going to tell you a moment ago, when Frank Washburn—

"*Q.* (interrupting.) No, I don't care about Frank Washburn.

"*A.* Then I can't answer the question. * * *

"*Q.* Did you get word that there had been a judgment in favor of Mr. Cole for possession of that land?

"*A.* Yes, sir.

"*Q.* Then did you pay any more attention to the land or work it until you came back here along in May?

"*A.* No, sir; I was in Indiana then, and I didn't get back until in April.

"*Q.* How far is this land from where you live?

"*A.* The 40's corner.

"*Q.* After you came back it laid vacant, and you went and put in some crops, is that it?

"*A.* Yes, sir.

"*Q.* Cole didn't live there?

"*A.* No, sir; he lives in Montmorency county, near Atlanta, the county seat. * * * When he notified me the court commissioner had given George Cole possession of the place, why from then on before I came home I didn't do nothing; it laid quiet; I didn't pay no attention to it. But when I came home Cole had rented it, or wanted to, and did rent it. There was no papers made out and—

"*Q.* What is your explanation of why you went and worked the land?

"*A.* Simply because it laid there. I paid my money for it, and nobody else went and worked it, and I went and farmed it."

Lewis Nichols, a witness on behalf of defendant, testified that the plaintiff, Smith, went away before the 1st of February and did not return until the latter part of March, and that he rented the place of Smith about the last of April.

We think, therefore, in view of the agreement of coun-

sel as to the direction of a verdict, the court was warranted in assuming that at the time of the rendition of the judgment of restitution by the commissioner and until, at least, the latter part of March following, the defendant was not in actual possession of the premises.

By the judgment in the summary proceedings case, no appeal having been taken therefrom, the relation of landlord and tenant was terminated, and the right of defendant, Cole, to possession of the premises, was conclusively established. After this judgment had become conclusive, and while the plaintiff, Smith, was out of possession and in the State of Indiana, the present ejectment suit was begun in his behalf; he then owing no duty as a tenant to his previous landlord. There was also some evidence, although under objection, that the defendant, Cole, had placed the lands in charge of one Washburn to look after and endeavored to rent the lands to him. Whatever possession the plaintiff, Smith, took after he returned from Indiana was not in subordination to the defendant's rights but in defiance thereof, and if the defendant, having maintained his right of possession by the judgment of the commissioner, had instituted a suit in ejectment to maintain his title in fee, the defendant, Smith, in such suit would have been entitled to introduce his own title in defense. *Jochen* v. *Tibbells,* 50 Mich. 33 (14 N. W. 690); *Shaw* v. *Hill,* 83 Mich. 322 (47 N. W. 247, 21 Am. St. Rep. 607); *Hubbard* v. *Shepard,* 117 Mich. 25 (75 N. W. 92, 72 Am. St. Rep. 548); *Hoffman* v. *Nelson,* 158 Mich. 573 (123 N. W. 41).

The judgment is affirmed.

HOOKER, MOORE, McALVAY, and BROOKE, JJ., concurred.